## Hélène Porche *v.* Theophile L'Admirault.

The defendant is appellant from a judgment of the District Court of Pointe Coupée, *Nicholls*, J., rescinding the sale of a slave.

Bullard, J.   This is a redhibitory action, in which the plaintiff seeks the rescission of the sale of a slave, on account of a malady pronounced by physicians to be a pulmonary consumption. The plaintiff alleges that about two months after her purchase the slave was taken sick, when she was examined by physicians, who assured her that the slave had been subject to the disease anterior to her purchase.   That she offered the vendor to restore the slave, and cancel the contract, but that he refused.   She further alleges that the disease is incurable, and that her service is so interrupted that she is of no value, but rather a burden to her.

The answer of L'Admirault, the nominal, and that of the intervenor, Benjamin Poydras de Lalande, the real vendor, deny the existence of the disease at the time of the sale.

It being alleged in the petition that the girl fell sick two months after the sale, it is incumbent on the plaintiff to prove that, although apparently in good health at the time, the slave was in fact laboring under the disease stated in the petition. For this purpose she produced Dr. Smith as a witness, who testified that he had been the family physician of Mr. Beauvais, the former owner, and that he had given him his opinion that the girl was predisposed to tuberculous consumption, although he had never treated her for that disease. That he saw the girl afterwards at the plaintiff's, and examined her chest by percussion and by the stethoscope, by which examination he detected hepatization of the lungs, which may exist in consequence of inflammation, without tubercles.

Dr. L'Admirault, on the other hand, considers the disease under which the slave is laboring as bronchitis, combined with chronic gastritis, that is to say that the mucous membranes of the stomach and bronchia are in a state of irritation; and this appears to have been her condition at the time of the trial.   But, he adds, that her condition in July, was not such as to induce him to conclude that she was sick in March, the time of the sale.

Porche *v.* L'Admirault.

Dr. Donallen saw her in July, 1840, and thought she was laboring under a pulmonary disease, but did not examine her with instruments. She was also affected with a suppression of menstruation.

Dr. Ferrier had also been the family physician of Mr. Beauvais, and knew the servant; and does not confirm Dr. Smith's opinion as to her tuberculous diathesis. He examined her afterwards twice, at the plaintiff's request, the last time with the stethoscope, and that examination did not disclose any serious injury. He did not pursue his enquiry far enough, to satisfy himself whether there existed any induration or hepatization of the lungs.

The evidence leaves it doubtful whether the disease existed at the time of the sale, or whether it originated afterwards, and whether there is a probability of her recovery. The medical works which have been looked into for information on this subject, to wit, Jackson's Principles of Medicine, *Clinique Medicale* by Andral, and *Recherches sur la Phthisie* by Louis, have failed to dissipate, if they have not confirmed those doubts. The time which has elapsed since the first trial will have tended to elucidate this mystery, by exhibiting a further development of the disease, or a favorable change, which it appears was possible. Justice therefore requires, we think, that the case should be remanded for a new trial. In the present state of the case, the plaintiff has not made her case sufficiently certain to justify a judgment in her favor.

The judgment of the District Court is therefore reversed, and the case remanded for a new trial. The costs of this appeal to be paid by the plaintiff and appellee.

*Janin,* for the appellant. No counsel appeared for the appellee.