Hon. PIERRE ADOLPHE ROST,
Hon. GEORGE ROGERS KING, } *Associate Justices.*
Hon. THOMAS SLIDELL,

## BACH *v.* BARRETT.

Plaintiff cannot recover in an action to rescind the sale of a slave for a redhibitory disease, where an offer to return the slave is neither alleged nor proved.

APPEAL from the Parish Court of New Orleans, *Maurian,* J. *Josephs, R. N.,* and *A. N. Ogden,* for the appellant. No counsel appeared for the defendant. The judgment of the court was pronounced by

KING, J.* This is a redhibitory action instituted to recover the price of a slave, who the defendant alleges was affected, at the time he purchased him of the defendant, with an incurable disease. A judgment was rendered in the court below in favor of the defendant, and the plaintiff has appealed.

The evidence does not in our opinion fix with sufficient certainty the date when the complaint of which the slave died commenced to authorise a recovery. The plaintiff purchased the slave on the 30th of December, 1836. Between the 5th and 10th of January following, the slave reported himself as being sick. His disease was then diarrhœa, for which he was treated. A short time after, he appears to have so far recovered as to return to his usual work, at which he continued for several weeks, when he was again found to be unfit for service, and withdrawn by the plaintiff, in whose possession he remained until June, 1837.†

---

\* ROST, J., did not sit on the trial of this case.

† This action was instituted on the 15 June, 1837.

BACH
*v.*
BARRETT.

He was then removed to an infirmary, where the disease under which he then labored was pronounced by the attending physician to be dysentery, accompanied by incipient consumption, and to be incurable. Of that complaint he died several months later. The disease not having manifested itself within three days after the sale, an attempt was made to prove its previous existence by the physician who treated him in the infirmary. That physician, judging from the condition in which he found the patient, thinks that the disease must have existed six or seven months before he saw him. Another physician states that after dysentery has progressed for six months, it is impossible to determine, from any examination of the patient, within a month or six weeks of the time when the disease commenced. Independently of this conflict of medical opinion, there is a further consideration which would induce us to hesitate before reversing the judgment of the inferior court. It appears from the evidence that, the slave was visited by the physician of the plaintiff in the incipient stage of the disease. That physician was not called to testify in the cause, and the absence of his testimony is unaccounted for. It is to be presumed that he could have fixed with more accuracy the date when the disease commenced, and that he could have determined its true character at its origin, and whether it subsequently became incurable from the neglect of the plaintiff. It was incumbent on the plaintiff to make his evidence as complete as, from the nature of the case, it was susceptible of being rendered; and no cause has been shown for his failure to adduce testimony so important to his success.

But apart from the merits as depending upon the testimony, no offer of the plaintiff to return the slave has been either alleged or proved.

*Judgment affirmed.*