COONS<br>*v.*<br>STRINGER.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## A. M. ALFORD *v.* HUGHES & RANDOLPH.

A party may give in evidence the answers of his adversary to interrogatories on facts and articles,
although such answers were made in a different suit between them from the one on trial

APPEAL from the District Court of the Parish of Bossier, *Egan*, J.
Richard U. *Turner* and *Watkins & George*, for plaintiff and appellant,
*Landrum & Williamson*, for defendants.

BUCHANAN, J. Plaintiff sues for restitution of the price of a slave woman
named *Charlotte*, who is alleged to have been afflicted with a redhibitory disease
at the time of her sale by defendants to plaintiff. The petition also alleges that
the disease was well known to defendants, who concealed it from plaintiff.

The defendants pleaded the general issue; and the cause was tried by a jury,
who found a verdict for defendants.

The fact essential to the maintaining of this action, of the existence of the
disease in the slave at the time of the sale, is not made out by the proof. The
earliest evidence on that subject refers to a period at least a month subsequent to
the sale. The presumption of its existence when the sale took place, under the
Act of 1834, does not, therefore, arise.

The physician who was called in by plaintiff is of opinion that the disease may
have existed previous to the sale; but this is, at best, a speculative or conjec-
tural opinion. See the cases of *Dupré* v. *Desmarest*, 5 An. 591, and *Roca* v.
*Slawson*, 5 An. 708.

There is also much evidence on the other side, proving the sound condition of
the slave previously to the sale.

On the whole, we cannot say that the jury arrived at an erroneous conclusion,
from the evidence before them.

Plaintiff calls our attention to a bill of exception to the rejection by the Dis-
trict Judge of answers of one of the defendants to interrogatories on facts and
articles, propounded in another suit between the same parties. It was rejected,
on the ground that the plaintiff could not avail himself of said answers, without
entitling the defendants to all the privileges incident to this particular case, and
to make such explanations with reference to the particular case on trial, as might
be pertinent.

This ruling appears inconsistent with that of the case of *Hood* v. *Chambliss*, 7
An. 106. In that case, Judge Slidell used the following language: " It is well

ALFORD
*v.*
HUGHES.

settled, that the admissions of a party may be given in evidence against him. Even mere oral admissions in conversation may be proved; and *a fortiori*, what a person has declared in writing and under oath, should be admissible against him."

We think the evidence in question ought to have been received. But it will not be necessary to send back the cause for a new trial, on that account. Those answers to interrogatories only refer to the price which plaintiff gave defendants for the girl *Charlotte*; a point which was only material in case the jury found in favor of plaintiff. The answers did not touch the allegations of the petition in reference to the redhibitory disease complained of.

Judgment affirmed, with costs.