No. 2702

Second Circuit

---

JUNIUS HART PIANO HOUSE, LTD., v.

TAUZIN

---

(Jan. 28, 1927.  Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Sales—Par. 79, 84, 214, 218.**

Where the effect of the defect to a piano sold is such as to render it useless, or the use so inconvenient and imperfect that it is not suited for the purpose for which it was bought, it must be supposed the buyer would not have purchased it had he known of the vice, the purchaser is entitled to rescind the sale under Article 2520 of the Civil Code.

2. **Louisiana Digest—Sales—Par. 79, 84, 214, 218.**

Where the seller of a piano could not enforce specific performance or acceptance of delivery by reason of the defect in the piano, for the same reason the buyer may demand a rescission of the sale, if the defects existed at the time of the sale and at the time of the action to rescind.

3. **Louisiana Digest—Sales—Par. 79, 84, 237.**

The vendor who attempts to enforce the payment of the price while the redhibitory defects exist which render the object useless cannot insist upon the right to remedy the defects where the buyer then demands the rescission of the sale.

4. **Louisiana Digest—Sales—Par. 84, 160.**

The difference in the position of a seller who undertakes to enforce specific performance and of the buyer to rescind a sale, relates only to the burden of proof.

Appeal from the Ninth Judicial District Court of Louisiana, Parish of Rapides. Hon. Leven L. Hooe, Judge.

Action by Junius Hart Piano House, Limited, against E. M. Tauzin.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Gus A. Voltz, of Alexandria, attorney for plaintiff, appellant.

Peterman, Dear & Peterman, of Alexandria, attorneys for defendant, appellee.

WEBB, J.    On March 24, 1925, Junius Hart Piano House, Limited, of New Orleans, sold to E. M. Tauzin, of Alexandria, a piano of a standard make which was to be shipped from the plaintiff's place of business in New Orleans to defendant at Alexandria.

The price agreed upon was four hundred and fifty dollars, of which amount fifty-five dollars was paid at the time of the sale, the balance to be paid in monthly installments, beginning on April 20, 1925, which installments, it was agreed, should bear 6 per cent per annum interest from date of sale, and in event of any of the installments being unpaid at maturity, all installments should become due and the buyer should pay stipulated attorney's fees.

The present suit was filed on August 10, 1925, to recover judgment for the purchase price, less the amount paid at the time of the sale, together with interest and attorney's fees, and plaintiff, alleging that it had a vendor's privilege on the piano, obtained a writ of sequestration under which the piano was seized, and it asked

for judgment for the amount set forth, that the writ issued be sustained and its alleged privilege be recognized and the property sequestered, sold and the proceeds · applied by preference to the payment of the judgment, interest, attorney's fees and costs.

The defendant filed his answer to the suit on September 18, 1925, in which he admitted having purchased the piano at the price and on the terms above stated, and that he had not paid the installments, but he alleged that the piano delivered to him was in bad condition and in such condition as to render it unfit for the purpose for which defendant purchased it, and that plaintiff in delivering the defective instrument had not complied with its obligation.

The defendant specifically alleged that at the time the piano was delivered—

"* * * it was wholly out of tune, one of the keys was defective mechanically, and when pressed down would remain down, and that in working the pedals a roaring noise was created inside of the instrument which was very annoying, and said defects rendered the piano useless to defendant."

He further alleged that he had proposed to plaintiff to make all payments, provided the company would place the instrument in good condition or to accept another piano in place of the defective one, which propositions, he alleges, had been refused.

Defendant admitted that plaintiff had a vendor's lien on the piano, but denied that the writ was properly issued, and he alleged that he had paid freight charges in the sum of ten and 25-100 dollars and the payment of fifty-five dollars on the purchase price and that plaintiff had breached its contract and should return the amount paid on the purchase price and the freight charges, for which he reconvened and prayed that plaintiff's demands be rejected at its cost and for general relief.

Subsequently defendant undertook to enter into negotiations with plaintiff relative to having the defects alleged adjusted, but no understanding was reached and on the date of the trial, March 5, 1926, defendant filed an amended answer in which he reiterated the allegations that plaintiff had breached its contract in failing to deliver a piano in good condition and he prayed that the contract be annulled and for judgment in reconvention as originally demanded.

On trial judgment was rendered dismissing plaintiff's demands and for judgment in favor of defendant on his reconventional demand for the amount claimed, and defendant appeals.

### OPINION.

The testimony of the witnesses called for the parties is conflicting, and the parties in their briefs have confined themselves to the discussion of the evidence as it particularly relates to the defects alleged by the plaintiff, without any discussion of the legal phase of the action; and as we find that the evidence substantially establishes the allegations of plaintiff's petition as to the condition of the piano at the time of delivery, in that the instrument was out of tune, that one of the keys, when pressed down, would not automatically react, that when the instrument was being used and the pedals worked, the movements of the pedals would create a noise which could be heard above the tone of the instrument, and at some distance from the piano; it may be that is is conceded by the parties that the judgment should be affirmed, but in view of the fact that the affirmance of the judgment will necessarily be to hold that the

defects proven were vices which gave rise to the redhibitory action, we shall consider that question.

The defects proven show that the instrument was unsuitable for use, but it does not appear that such defects were due to faulty construction, nor that it would have required any great expense or time to have remedied the defects, or that the work necessary to remedy the defects could be considered as reconstruction or repairs; but the right to demand rescission of the sale, is not dependent upon the nature of the defects, that is, whether they may or may not be remedied, or the cost and time necessary to remedy them; as it is upon the effect of the defects, and where they are such as to render the object useless, or its use so inconvenient and imperfect that it must be supposed the buyer would not have purchased it had he known tf ohe vice, the purchaser is entitled to rescind the sale. (C. C. 2520; Mackeldy, No. 407.)

The defendant purchasing a piano could hardly be supposed to have knowingly purchased an instrument which was in such condition as to render it incapable of being used as a musical instrument, nor would the seller be in position to force one who had purchased a musical instrument to accept one which by reason of its condition could not be used as such; and while there is a distinction in the position of a seller who undertakes to enforce specific performance, and of the buyer to rescind a sale, the difference relates to the burden of proof; and where it appears that the seller of an object could not enforce specific performance or acceptance of delivery by reason of defects in the object, we think, for the same reason the buyer may demand a rescission of the sale, when it appears that the defects existed at the time of the sale or delivery and at the time of the action to rescind.

We also are of the opinion that while by reason of the nature of the contract and apparent understanding of the parties, as in the present case, it appears to have been understood that the vendor could remedy certain defects which were in their nature such as not to require repairs or reconstruction but did not render the object unsuitable for use, that the vendor who attempts to enforce the payment of the price while the defects exist which render the object useless for the purpose for which it was purchased and to which it was destined, cannot therefore insist upon the right to remedy the defects, and where the buyer then demands the rescission of the sale, the question is not as to the nature of the defects, but their effect.

It is therefore ordered that the judgment appealed from be affirmed.