POUEY v. SURLE AND LEVY

(January 2, 1928. Opinion and Decree.)

*(Syllabus by the Court)*

1. **Louisiana Digest—Sales—Par. 243.**
In the sale of animals when the disease

has manifested itself after three days from the date of sale the burden of proof is on the buyer to show that the disease existed at the time of the sale or within three days thereafter.

(Civil Code, Art. 2530.)

2. **Louisiana Digest—Error and Mistake—Par. 8, 15.**

The error in a contract of sale must be on a material part of the contract which has influenced the making of it.

Appeal from the First City Court. Hon. W. V. Seeber, Judge.

Action by Louis Pouey against S. Surle and H. Levy.

There was judgment for defendants and plaintiff appealed.

Judgment reversed.

Prowell, McBride & Ray, of New Orleans, attorneys for plaintiff, appellant.

I. F. Williams, of New Orleans, attorney for defendants, appellees.

CLAIBORNE, J. Plaintiff alleged that he is the owner of a promissory note for $156 dated November 10, 1925, payable six months after date made by the defendants to the order of plaintiff.

The defendants denied all the allegations of plaintiff's petition. They averred that on November 8, 1925, plaintiff inserted in the Times-Picayune an advertisement of the sale at auction of thirty cows; that the advertisement contained the following statement: "All cows tested 10 days ago;" that the autcioneer, before asking for bids, also stated "that all cows had been tested and were free from tuberculosis;" that acting upon the faith of said advertisement, the defendant, Surle, purchased two cows at said auction, and for the price thereof gave the note presently sued on with Levy as endorser; that as a matter of fact the two cows purchased by defendant had not

been tested and were at the time of the sale infected; that on February 9, 1926, the two cows were condemned by the Board of Health and sold for $42.85; that defendant notified the plaintiff of said condemnation and sale and tendered $42.85 to plaintiff who refused them; that the above facts constitute fraud on the part of plaintiff who knew that the cows had not been tested and should have known that the cows were infected; that the note subscribed by defendant is therefore null, and upon payment of $42.85 to plaintiff, he should be ordered to return it to defendant.

There was judgment dismissing plaintiff's suit upon the note, and in his favor for $42.85. The plaintiff has appealed.

1st. The first defense that the cows had not been tested at all is not supported by any testimony. On the contrary, Louis Pouey, the plaintiff, and Mrs. Pouey, his wife, testify that the cows were tested. Schiro, the auctioneer, swore that the cows carried the test tags in their ears at the time of the sale. Dr. Vonheader, of the Louisiana Board of Health, testified that he tested the cows on October 16th.

Even the defendant, Surle, testified that after the cows had been condemned he went with Levy, his co-defendant, to Dr. Venidas' office and got the slip, showing the date of the examination of the cows. Yet Levy swore to his answer denying that the cows had been tested at all.

2nd. The second defense is that the cows were infected at the time of the sale, as plaintiff knew or should have known.

The law governing this defense is contained in Article C. C. 2530 (2508):

"The buyer · who institutes the redhibitory action must prove that the vice existed before the sale was made to him.

If the vice has made its appearance within three days immediately following the sale it is presumed to have existed before the sale."

C. C. 2535 (2513):

"The redhibition of animals can only be sued for within two months immediately following the sale."

The sale was made on November 10, 1925. On February 9, 1926, 91 days thereafter, Dr. Ross' test of the cows was made showing them infected with tuberculosis. There is not any evidence or testimony tending to prove that the cows were infected on the day of sale or "within three days immediately following the sale." The jurisprudence is as follows:

"When the disease has manifested itself after three days the burden of proof is on the buyer to show that it existed at the time of the sale." 8 N. S. 478; No. 6508 Ct. App.; Banks vs. Botts, 10 La. 45; Fox vs. Walsh, 5 Rob. 222; Roca vs. Slawson, 5 La. Ann. 708; Mackie vs. Davis, 13 La. Ann. 475; Alford vs. Hughes & Randolph, 14 La. Ann. 727; Bach vs. Barrett, 2 La. Ann. 955.

Plaintiff must show that with reasonable certainty the merchandise was unsound at the time he purchased it. Peterkin vs. Oglesby & Co., 30 A. 907.

See specially Fox vs. Walsh, 5 R. 222 and Crawford vs. Alexander, 5 La. Ann. 708, where a slave died of tuberculosis; also Bach vs. Barrett, 2 La. Ann. 955, where a slave died of dysentery; also Mackie vs. Davis, 35 La. Ann. 475, of aneurism where a physician was of "the opinion that the condition that led to aneurism eixsted before the sale, but does not say that the aneurism itself exitsed at that time or before it." Also Alford vs. Hughes, 14 La. Ann. 727:

"The physician who was called in by

plaintiff is of the opinion that the disease may have existed previous to the sale; but this is, at best, a speculative or conjectural opinion." Roy vs. Roy, 5 La. Ann. 591; Roca vs. Slawson, 5 La. Ann. 708; Bach vs. Barrett, 2 La. Ann. 955.

3rd. The defendants rest their case very much upon the advertisement which stated "all cows tested 10 days ago", while as a matter of fact the test had been taken on October 16th, twenty-two days before or an excess of 12 days, and their counsel argue that this was a warranty. We have no doubt that this date would have been a warranty if it had been proven that the disease had disclosed itself within those 12 days or if that date had been the motive which induced the defendants to buy. But no such importance is shown to that date. The presumption is that the defendant would have bought just as well if the advertisement had stated that the test had been made 22 days before. In other words, the test may have been the motive for buying, but not the date of that test.

C. C. 1823 (1847):

"Errors may exist as to all the circumstances and facts which relate to a contract, but it is not every error that will invalidate it. To have that effect, the error must be in some point which was a principal cause for making the contract, and it may be either as to the motive for making the contract, to the person with whom it is made, or to the subject matter of the contract itself."

C. C. 1825 (1819):

"The error in the cause of a contract to have the effect of invalidating it, must be on the principal cause, when there are several; this principal cause is called the motive, and means that consideration without which the contract would not have been made."

C. C. 1826 (1820):

"No error in the motive can invalidate a contract, unless the other party was apprised that it was the principal cause of the agreement, or unless from the nature of the transaction it, must be presumed that he know it."

C. C. 1847 (1841) (2):

"The error must be on a material part of the contract, that is to say, such part as may reasonably be presumed to have influenced the party in making it; but it need not be the principal causse of the contract, as it must be in the case of simple error without artifice."

C. C. 1845 (1839):

"Error as to the other qualities of the object of the contract only invalidates it, when those qualities are such as were the principal cause of making the contract."

We therefore come to the conclusion that the cows were tested within such reasonable time before the sale as to preclude the idea that tuberculosis could have existed in the cows on the day of sale, "though the condition that led to it might have existed before it," and that the defendants have failed to prove the existence of tuberculosis on the day of sale, or within three days thereafter.

It is therefore ordered that the judgment herein be reversed and annulled, and it is now ordered that the defendants Charles Surle and Henry Levy, be condemned, in solido, to pay to the plaintiff herein, Louis Pouey, the sum of one hundred and fifty-six dollars with eight per cent per annum interest from May 10, 1926, till paid and ten per cent attorney's fees thereon and all costs of suit.