STEWART v. MUMME

———

(January 13, 1930. Opinion and Decree.)

———

Frank A. Miller and Solomon S. Goldman, of New Orleans, attorneys for defendants, appellees.

L. Walter Cockfield, of New Orleans, attorney for plaintiff, appellant.

WESTERFIELD, J. Plaintiff brings this suit for $1,500, with interest and attorney's fees, on a written contract dated September 3, 1926, entered into with the defendant, whereby plaintiff undertook to install a heating system in defendant's home for the sum of $2,000, of which $500 was paid in cash. Defendant answered, averring that plaintiff had failed to perform his undertaking under the contract in that the heating system, as installed, would not function properly, and, by way of reconvention, prayed for a dissolution of the contract and for the return of the $500 paid.

The district court dismissed plaintiff's demand and awarded judgment for defendants as prayed for. Plaintiff has appealed.

The contract sued on, among other stipulations, contained the following:

"That the equipment will heat the interior of the house to 70 degrees when the outside temperature is 30 degrees.

"Should the Seller then fail (after completing a test run) to make the plant meet the specifications herein (in the contract) contained, the Purchaser shall allow the Seller to remove the plant from his premises, and will accept refund of any money previously paid by him to Seller as full discharge to the Seller of any obligations herein contained."

The record convinces us that the heating system which plaintiff had undertaken to install in the home of defendants did not heat. The boiler was too small, there was insufficient radiation, the piping was of improper size and of inadequate capacity, and the installation was unskillful. Two experts, one employed by plaintiff and another by defendants, testified, and both agree that the system was not what it should be. They differ, however, concerning the possibility of converting it into an efficient plant. Plaintiff's expert estimated that the apparatus could be put in good order for about $120 and defendant's expert testified that the system as installed was so radically defective that it was not susceptible of improvement at any reasonable expense.

Plaintiff contends that he was not afforded sufficient opportunity to correct the deficiencies in the system, which he insists he was at all times ready to remedy. It seems to us, however, that he had ample time and opportunity to put the plant in good order if it were possible. His efforts to do so and defendants' efforts to have him do so resulted in acrimonious correspondence wherein he took the position that the heating plant was functioning properly, in accordance with his contract, and insisted upon the payment of the balance of the purchase price, he claiming to have made a test under suitable weather conditions with favorable results. But it was demonstrated that he was mistaken, both as to the weather conditions, and the temperature of the house during the test. Defendants were not obliged to permit plaintiff to indulge in a constant tinkering with the system in the hope that it might ultimately produce results. It is not necessary that the system should have proven to be utterly worthless. It is sufficient that it be "so inconvenient and imperfect that it must be supposed that the buyer would not have purchased it had he known of the vice." R. C. C. 2520. See also Bohannon v. Stewart, 4 La. App. 150; Hawley Down-Draft Fur-

nace Co. v. Southern Chemical & Fertilizer Co., Ltd., 51 La. Ann. 915, 25 So. 470.

Under the express terms of the contract the plaintiff, under the circumstances, should remove the heating plant and return the cash payment.

We are of opinion that the judgment of the trial court is correct, and, for the reasons herein assigned, it is affirmed.