No. 3634

Second Circuit

BEWLEY FURNITURE CO. v. McDANIEL
ET AL.

(July 5, 1930. Opinion and Decree.)
(July 31, 1930. Rehearing Refused.)

Bryan E. Bush, of Shreveport, attorney for plaintiff, appellant.

John F. Phillips, of Shreveport, attorney for defendants, appellees.

DREW, J. The Bewley Furniture Company, a partnership composed of F. A. Bewley and B. R. Bewley, sued defendants on a chattel mortgage note for the sum of $162.90 with 8 per cent per annum interest thereon from March 4, 1929, until paid, and 15 per cent upon both principal and interest, as attorney's fees, alleging that they are the owners and holders of said note, before maturity and without notice, for a valuable consideration, that the note is made payable at the rate of $15 per month, the first payment being due March 4, 1929, and that the chattel mortgage stipulates that failure to pay any two installments when due matures all future installments.

Plaintiffs allege that they sold to defendants one all-electric Atwater Kent radio No. 47 for the price and sum of $177.90 and that defendants made a payment of $15 at the time of the purchase and executed their solidary note for the remainder of $162.90 secured by a chattel mortgage on the radio. They further allege that defendants have failed to make more than two payments that are past due on the note and that therefore the entire note is due and unpaid.

They pray for judgment in solido against defendants for $162.90 with 8 per cent per annum interest thereon from March 4, 1929, until paid, and 15 per cent on the amount of principal and interest, as attorney's fees, as stipulated on the face of the note, and for recognition of their vendor's lien and privilege and chattel mortgage

on the radio to secure the payment of the amount of principal and interest and attorney's fees.

Defendants answered admitting the execution of the note and chattel mortgage and prayed to be relieved from payment of the note for the reason that the radio was defective and worthless, and they pleaded want of consideration and asked that the sale be rescinded and be declared null and void.

The essential elements of plaintiffs' case are both proved and admitted, that is, the price agreed upon between plaintiffs and defendants, the delivery of the radio, and the execution of the note and chattel mortgage, together with the down payment of $15 by defendants.

The only question for the court to decide is whether or not the radio was defective and whether the defendants have proved it to be defective and worthless.

The evidence shows that the radio was installed in defendants' home by plaintiffs and that it was in good condition at that time; that afterwards there was some complaint on the part of defendants, and plaintiffs took the radio back to their place of business and on examination found a defective tube in it; that they replaced the tube with a perfect one and thoroughly tested out the instrument and found it to be perfect; that within a few days thereafter they delivered it back to defendants and hooked it up and that it operated perfectly, and that the reception from Cincinnati, Chicago and New York was good, and that since that time, some three weeks or more prior to the filing of this suit, there had not been any complaint from defendants about the radio.

Defendants contended that the radio had noises in it and that they could not get out of town stations on it except Dallas. They failed to account for the noises in the instrument or to show whether it was caused by local interference or by mechanical defects in the machine. Neither defendants nor any of their witnesses claim to have any mechanical knowledge of the workings of a radio, and defendants offered no evidence tending to show that anything was wrong with the machine, except that it had noises and they could not hear far-off stations well.

It is a matter of common knowledge that many things can interfere with reception on a radio; a loose connection, a bad tube, or any one of the numerous electrical machines and things of that kind that cause local interference and mar perfect reception. This could all happen and the machine still be perfect. It was incumbent on defendants to show by proper testimony that the machine itself was defective and they cannot resist payment of the price of the machine until they have done that. It is not shown that any of defendants' witnesses were experts on radio or that any of them knew anything about a radio.

The radio was in the possession of defendants all the time after its delivery to them in February until the trial of this case in June, with the exception of the few days plaintiffs had it and checked it over. Defendants have not at any time offered to return the machine to plaintiffs or tendered it back to them, and the testimony shows that on the day prior to the trial of the case in the lower court defendants received over this radio the report of the ball game that was being broadcasted. It would be a strange law that would hold that defendants could keep the radio and make use of it daily and not be compelled to pay for it.

We think the testimony offered by defendants is not sufficient to show that the radio was defective or worthless.

The lower court rejected the demands of plaintiffs and left the radio in the possession of defendants. We think the judgment erroneous and that it should be reversed.

We find in the record a statement made out by plaintiffs, showing that they had given defendants credit for $10 for one portable phonograph, thereby reducing the amount of the note to $152.90, which amount together with interest thereon at the rate of 8 per cent per annum from March 4, 1929, until paid, together with 15 per cent on both principal and interest, as attorney's fees, is the amount of the judgment plaintiffs should have.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be reversed, and that the plaintiff, Bewley Furniture Company, a partnership composed of F. A. Bewley and B. R. Bewley, do have and recover judgment against the defendants, W. D. McDaniel, Jr., and W. D. McDaniel, Sr., in solido, for the full sum of $152.90, with interest thereon at the rate of 8 per cent per annum from March 4, 1929, until paid, and the further sum of 15 per cent on both principal and interest, as attorney's fees, and all costs of both courts; and that plaintiffs' vendor's lien and privilege and chattel mortgage on said radio be recognized and that the same be sold by the marshal of the city of Shreveport at public auction after due advertisement for cash and that the proceeds derived therefrom, after payment of costs, be credited pro tanto upon this judgment and if not sufficient to satisfy this judgment in full that the balance be executory and enforceable in accordance with law.