A. BALDWIN CO., INC., v. WALL

(December 14, 1931. Opinion and Decree.)

Sanders, Baldwin, Viosca & Haspel and Robert Weinstein, of New Orleans, attorneys for plaintiff, appellee.

A. H. Wagner and Edw. Fallon, Jr., of New Orleans, attorneys for defendant, appellant.

HIGGINS, J. This is a suit on a note secured by a chattel mortgage for the sum of $107, representing the alleged balance due on the purchase price of a radio.

Defendant, in his answer, admits the execution of the note, but pleads want or failure of consideration because the radio is said to have been mechanically defective and unfit for the use for which it was purchased.

There was judgment in favor of plaintiff as prayed for, and defendant has appealed.

The record shows that on December 16, 1929, plaintiff sold to defendant a new B-15 radio for the sum of $130, $13 cash and the balance represented by a note for $117 payable monthly in equal installments. About a week or ten days after the radio was installed in defendant's home he complained that the radio was not giving proper reception because it was tuning in on more than one station at the same time and humming. Within three days from the time of the complaint plaintiff's mechanic called at defendant's home and installed a new volume control. When he left the radio was said to be in perfect condition. A short time later defendant again sent for plaintiff's mechanic, and this time he installed a new tube. During the month of January, 1930, the mechanic was again sent for, and on this occasion adjusted the condenser, leaving, as he testifies, the radio in perfect conditon. Seven months later defendant refused to pay the past-due installments contending that the radio was not functioning properly and efficiently, with the result that a Mr. Harris, who was then head of the radio department of plaintiff's business, called and examined the radio thoroughly. He found that it was necessary to take the radio to the store, where three new receivers were put in it and three tubes replaced. He then returned the radio to defendant's home in proper working order. Still de-fendant refused to make payments, and this suit followed.

Plaintiff contends: First, that the warranty or fitness for the purpose for which the object is purchased can be waived by the parties to the contract, and that they did so under the following provision of the contract: "No warranties have been made by the vendor unless endorsed hereon in writing." Second, that the party who claims the rescission of a sale on account of a redhibitory vice must prove that the alleged vice existed at the time of the sale under article 2530, Rev. Civ. Code. And, third, that the party who pleads a redhibitory vice or defect has the burden of establishing such a vice or defect and the fact that some time after the sale repairs may be needed does not signify a vice or defect such as to justify a rescission of the sale on the ground of redhibition under article 2520, Rev. Civ. Code.

Taking up these points in their reverse order, we first observe that the defendant concedes that he bore the burden of proving by a preponderance of the evidence the plea of want or failure of consideration, but strenuously contends that the evidence shows that the radio had vices and defects which rendered it useless to him.

On the trial of the case the plaintiff offered in evidence the note and chattel mortgage and rested. Defendant testified that shortly after he purchased the radio he noticed a humming noise when it was playing, and that when he attempted to tune in one station the programs from other stations could be heard. In short, the machine was not capable of bringing in one station and eliminating all others. He admits that the mechanic called three times and worked on the radio, but denies that it was placed in proper working order.

He states that his daughter, who was not produced as a witness, used the radio more than he did, and was also unable to make it function. His testimony is corroborated by two young men, Jessie Bell and Woodrow Wilson, who state that on the occasions of their visits to defendant's home that they were unable to get the returns of the ball game without interference from other stations and that there was a humming noise at the time of reception.

In rebuttal, plaintiff placed on the stand the mechanic who installed the volume control, new tubes, and adjusted the condenser. His testimony is to the effect that these were minor repairs, and that they were easily rectified. Three employees from the credit department of plaintiff testified that they were constantly calling upon defendant to pay his installments, but that he repeatedly put them off. Mr. Harris, head of the radio department, testified that seven months after the purchase of the radio he called and examined the radio, upon defendant's complaint, took it to the store, and put three new receivers in it and replaced three tubes' and returned it to defendant's home. He also testified that these were minor repairs and quickly made. The evidence shows that no complaint was made thereafter, and that when defendant was called upon to pay the delinquent installments he asked for further time because he had been confined to his home on account of an injury.

In the case of Bewley Furniture Co. v. McDaniel, 14 La. App. 243, 129 So. 418, 419, the plaintiff sued for the purchase price of a radio. The defense was that the machine was defective, made noises, and could not get out-of-town stations. Plaintiff examined the machine at his place of business and found defective tubes, which it replaced, and then found the machine to be in good order. In deciding the case in favor of plaintiff, the court held:

"It is a matter of common knowledge that many things can interfere with reception on a radio; a loose connection, a bad tube, or any one of the numerous electrical machines and things of that kind that cause local interference and mar perfect reception. This could all happen and the machine still be perfect. It was incumbent on defendants to show by proper testimony that the machine itself was defective and they cannot resist payment of the price of the machine until they have done that. It is not shown that any of defendants' witnesses were experts on radio or that any of them knew anything about a radio." See, also, Philip Werlein, Ltd., v. Sallis, 8 La. App. 61; Radio Shoppe, Inc., v. Thompson, 10 La. App. 742, 122 So. 909.

The only evidence in the record as to the vices and defects in the radio is the testimony of plaintiff's two experts, who both say that the repairs were of a minor nature and such as usually found in radios that are in operation. Defendant did not produce any witnesses or introduce any evidence to contradict this.

After a careful reading of the record we believe that defendant has failed to prove by a preponderance of the evidence defects or vices of the nature and kind which would bring his case within articles 2520 and 2530 of the Revised Civil Code, giving him the right to rescind the sale on account of redhibitory vices or defects, and hence that he has not shown that there was a failure of consideration for the note on which the suit is based.

In view of our conclusion, it is unnecessary to consider the other points raised by plaintiff.

For the reasons assigned, the judgment appealed from is affirmed.