GUEST & VIVIANO SHEET METAL
WORKS, INC., v. HARDOUIN

(December 14, 1931.  Opinion and Decree.)

Normann, McMahon & Breckwoldt, of
New Orleans, attorneys for plaintiff, appellant.

L. W. Cockfield, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J.  This is a suit for
$150, the balance alleged to be due on the
purchase price of a hot air heating system, which was installed in defendant's
residence.  The suit is defended upon the
ground that the heating system was defective, in that it smoked.

There was judgment below in defendant's
favor as prayed for, dismissing plaintiff's
suit.  Plaintiff has appealed.

The sole question presented for our determination is one of fact:  Whether the
heating system sold defendant was affected
with a redhibitory vice; in other words,
did it smoke to the extent that its use
would be accompanied by such inconvenience that it must be supposed that the defendant would not have purchased it had
he known of the defect.  R. C. C. art.
2520.  The plant was installed in defendant's residence on November 15, 1927, and
this suit was filed June 12, 1930.  At the
time of its installation, $100 was paid on
account.  In January, 1928, about two
months after its purchase, an additional
payment of $50 was made, thus leaving a
balance of $150, for which this suit was
filed.

In support of the defense, the defendant
himself, his wife, and son testified that
every time the heater was lighted the
house would be filled with smoke.  Mrs.
Hardouin said that her children were nauseated by the smoke.  According to the testimony on behalf of plaintiff, but one complaint was ever received, and at that time
a mechanic was sent to defendant's residence, when it was discovered that dust
and trash had been swept into the grill, or
cool air inlet, which is on a level with the
floor, and that, when the trash was removed, the plant was in first-class condition.  Mr. Guest, who was president of
plaintiff corporation, testified that 350
similar heating plants had been installed
in the city of New Orleans, and all of them
were in successful operation.  Mrs. Hardouin denied that there was any dust in

the cool air vent, and that therefore the smoke was not caused by sweepings into the grill, because, she testified, she had placed over the grill a piece of linoleum, which entirely covered the vent, and that she kept this linoleum in place both summer and winter; but it appears that the heating system in question is what is known as a circulatory system, with the cool air vent leading from the grill on the bottom floor to the heater below, where it is warmed and returned to the rooms, and that, if this vent in the floor be covered, it would disrupt the circulation of air and prevent the furnace from functioning altogether. While Mrs. Hardouin denied the presence of dust in the heater, her husband admitted that dust was found by plaintiff's mechanic "in the ventilating pipes." The defendant was constantly dunned by a collector and, according to the collector's testimony, frequently promised to pay the bill, without complaining of any deficiency in the system until just prior to the institution of the suit. Both defendant and his wife admit having used the system two years. Defendant also testified that, though the system smoked enough to sicken his children, he made no effort to repair it on his own account, and used it, notwithstanding its sickening smoke, for two years.

Viewing the evidence as a whole, we are unable to agree with our brother below in his findings, and have concluded, with reluctance, that his judgment, though based upon a question of fact, is manifestly erroneous.

The cases relied upon by defendant, Stewart v. Mumme, 14 La. App. 458, 131 So. 683, and Colt Co. v. Seal, 4 La. App. 618, have, we believe, been correctly decided, but are of no avail to defendant here, because of our views upon the question of fact involved.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of the plaintiff, Guest & Viviano Sheet Metal Works, Inc., and against the defendant, Rudolph Hardouin, for the sum of $150, with legal interest from judicial demand, and all costs.