**CHAS. A. KAUFMAN CO., Limited, v. GILLMAN.**

**No. 14019.**

Court of Appeal of Louisiana. Orleans.

May 30, 1932.

Frymire & Ramos, R. R. Hagen, and C. L. Stiffell, all of New Orleans, for appellant.

Lazarus, Weil & Lazarus, of New Orleans, for appellee.

HIGGINS, J.

Plaintiff brought this suit against the defendant for the balance of $132.28 alleged to be due on an open account for merchandise sold and delivered, and also for the balance of $279, said to be due on account of the purchase price of a baby grand reproducing piano sold by plaintiff to defendant under a written contract of sale executed on March 24, 1928.

The defendant admitted an indebtedness on the open account, but averred that a correct and accurate statement had never been furnished him by the plaintiff, and further answered denying liability for the balance of the purchase price of the piano because of redhibitory vices and defects, that evidenced themselves within a week after the piano was purchased, which kept the piano constantly out of order so that it was useless and valueless to the defendant, and that defendant frequently complained of the defective condition of the instrument to the plaintiff, which repeatedly through its employees attempted to repair or remedy the vices or defects without success. Defendant in recon-

vention prayed that the contract be rescinded and that the sum of $121 in cash paid on account of the purchase price be returned as well as the Strand piano which was accepted by the plaintiff in trade on account of the purchase price of the new piano at a value of $185, and in default of the return of the Strand piano that there be further judgment in favor of defendant in the additional sum of $185, the agreed value of the Strand piano.

Before the case was tried on its merits, counsel agreed that the amount claimed on the open account was correct, that the Strand piano was delivered to plaintiff at the value of $185, and that plaintiff paid the sum of $121 in cash on account of the purchase price of the new one.

On the trial of the case on the merits, there was judgment in favor of the plaintiff as prayed for on the open account and dismissing the suit as to the claim for the balance due on the purchase price of the piano. On the reconventional demand judgment was rendered in favor of the defendant and plaintiff in reconvention as prayed for. Plaintiff has appealed.

■ We shall first inquire into the law governing the case. There is no doubt that the defendant and plaintiff in reconvention bore the burden of proving by a preponderance of the evidence the alleged redhibitory vices and defects in the piano which was sold to him. Article 2530, Civ. Code; Wooley v. Darnell-Berry Horse & Mule Co., 5 La. App. 278; Mackie v. Davis, 13 La. Ann. 475; Landreaux v. Campbell, 8 Mart (N. S.) 478; Porche v. L'Admirault, 1 Rob. 365; McLellan v. Williams, 11 La. Ann. 721; Eglin v. Rufin, Orleans No. 7529, unreported [see Louisiana and Southern Digest]; Pairque v. Ortolano, 13 Orl. App. 165; Lugenbuhl v. Feitel Bag Co., 13 Orl. App. 429; Pouey v. Surle, 8 La. App. 191.

■ In the case of Jackson v. Breard Motor Co., Inc., 167 La. 858, 120 So. 478, in discussing the evidence tending to establish redhibitory vices and defects, the court said:

"After examining the testimony, we are unable to satisfy ourselves that the conclusion reached by the trial judge is manifestly erroneous. Without entering into a detailed discussion of the facts, we find they show, substantially, that, after plaintiff, in the conduct of his business, began to drive the automobile at a speed exceeding 25 miles an hour, the speed at which he had driven the machine for the initial 500 miles according to the manufacturer's instructions, the defects complained of began to develop. The automobile would not function properly, and was repeatedly returned, without avail, to the defendant company for readjustment or repair. The testimony of the employees of the defendant company that they found no difficulty in operating the automobile is not controlling, since it was no part of plaintiff's contract that he was to hire an expert automobile mechanic to drive him about the country, in the machine in the pursuit of his business of examining various farm properties offered to his investment company as security for loans to the owners.

"There was no express waiver of warranty by the plaintiff; hence the defendant must be held, under the law, to have warranted the machine sold as fit for the purpose intended. It cannot be denied that an automobile which is not in running condition is not fit for the purpose intended. Crawford v. Abbott Automobile Co., 157 La. 59, 101 So. 871."

■ In the case of Hirsius v. Capital City Auto Co., No. 7420 of the docket of this court, unreported [see Louisiana and Southern Digest], the rule as to redhibition was stated to be as follows:

"Unless warranty be expressly waived, the vendor warrants the thing sold as fit for the purpose intended. Fee v. Sentell, 52 La. Ann. 1957, 28 So. 279. * * *

"It is not incumbent upon the buyer in such case to seek out, allege and prove the particular and underlying cause of the defects which make the thing sold unfit for the purpose intended; particularly when that thing is a complicated piece of machinery; it is sufficient if he alleged and afterwards proves that as a fact such defects exist.

"On the contrary, it is for the vendor in such cases to show that the defects were such as the buyer knew or might have discovered by simple inspection. Otherwise, we should have the quaint result that the buyer must give the thing an elaborate and thorough examination in order to show that the defect was not discoverable by a simple inspection, or start an expert investigation into the condition of the machine in order to establish the self-evident fact that it did not run."

In Stewart v. Mumme, 14 La. App. 458, 131 So. 683, 684, we said:

"* * * But it was demonstrated that he was mistaken, both as to the weather conditions and the temperature of the house during the test. Defendants were not obliged to permit plaintiff to indulge in a constant tinkering with the system in the hope that it might ultimately produce results. It is not necessary that the system should have been proven to be utterly worthless. It is sufficient that it be 'so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.' Rev. Civ. Code, art. 2520. See, also, Bohanon v. Stewart, 4 La. App. 150; Hawley Down-Draft Furnace Co. v. Southern Chemical & Fertilizer Co., Ltd., 51 La. Ann. 915, 25 So. 470."

In Junius Hart Piano House, Ltd., v. Tauzin, 5 La. App. 495, in upholding the defendant's demand for rescission of the sale of the piano because of its defective condition, the court said:

"The defects proven show that the instrument was unsuitable for use, but it does not appear that such defects were due to faulty construction, nor that it would have required any great expense or time to have remedied the defects, or that the work necessary to remedy the defects could be considered as reconstruction or repairs; but the right to demand rescission of the sale, is not dependent upon the nature of the defects, that is, whether they may or may not be remedied, or the cost and time necessary to remedy them; as it is upon the effect of the defects, and where they are such as to render the object useless, or its use so inconvenient and imperfect that it must be supposed the buyer would not have purchased it had he known of the vice, the purchaser is entitled to rescind the sale. (C. C. 2520; Mackeldy, No. 407.)"

See, also, A. Baldwin & Co., Inc., v. Wall, 18 La. App. 339, 138 So. 442; Guest & Viviano v. Hardouin, 18 La. App. 342, 138 So. 448.

Turning now to the record, we find that on March 24, 1928, plaintiff sold the defendant one used (demonstrator) imperial grand reproducing piano for the sum of $585, with an allowance on one Strand piano of $185, leaving a balance of $400 payable in monthly installments of $12 per month; that thereafter from May 9, 1928, to January 16, 1929, the defendant paid the sum of $121 in cash.

To show the defective condition of the said piano, the defendant and plaintiff in reconvention produced six lay witnesses, including himself and his wife, who testified that within one week after the piano was delivered it got out of order and would not play; that the keys began to stick; that the piano was out of tune, and that the bellows, which are electrically operated, failed to function, so that they were unable to play the piano either by hand or by electricity; that defendant and his wife were familiar with music and played the piano; that one of the witnesses taught music in the public schools; that the piano was kept in the living room; that the best of care was taken of it; that numerous complaints were made by defendant to plaintiff that the piano would not function properly; and that, in spite of repeated attempts to remedy the defects, the plaintiff was unable to do so.

Defendant also offered the testimony of two piano experts who testified that the mechanical part of the piano was improperly constructed of defective material and that the repairs made by the plaintiff's employees were poorly done, and that it would cost $80

to make temporary repairs which they would not guarantee and $200 to thoroughly overhaul the piano.

Plaintiff introduced the testimony of four of its employees and one expert. The employees testified that the complaints were made about minor repairs and adjustments which the defendant was entitled to have made under the one-year guaranty or service clause of the contract, and that each time the repairs were made the piano functioned properly.

Plaintiff's expert gave an estimate of $95 to repair the piano, and found that it was necessary to give a general overhauling to the entire player part of the instrument, it being necessary to remove it to his shop, but it was impossible for him to state what caused the trouble with the piano, but that, generally speaking, lack of use, dampness, and dust settling on the valves and moths caused trouble in this climate.

Nothing but issues of fact are involved, because the law is clear and undisputed, as above stated, and, the trial court having found that the defendant and plaintiff in reconvention has established by a preponderance of the evidence the redhibitory vices and defects, we see no reason to disturb his finding.

For the reasons assigned, the judgment appealed from is affirmed; appellant to pay the cost of this court.

Affirmed.