HARDY, Judge.
This is an action in redhibition by which plaintiff seeks to recover the purchase price and installation cost of an used air-conditioning unit. Plaintiff has appealed from a judgment in favor of defendant rejecting his demands.
Delivery of a three-ton Chrysler Airtemp air-conditioning unit was made to plaintiff on May 26, 1956. The installation was completed, and the unit was placed in operation on or about June 22, 1956. The unit operated satisfactorily for a period of twenty-one days, at which time it ceased to operate by reason of the burning out of the compressor. It was established by testimony on trial that the cost of repair of the unit would have been prohibitive and the machine, therefore, was totally useless for the purpose for which it had been intended.
Plaintiff contends that defendant sold the machine with an unconditional guarantee of satisfaction, which guarantee has failed by reason of a defect in the machine allegedly existing at the time of delivery. Defendant denies any guarantee and con *731 tends that the satisfactory operation of the machine for a period of twenty-one days evidences the fact that it was in good condition at the time of sale and delivery, and, as a consequence, the seller is not liable for any latent defect which subsequently developed.
Plaintiff’s contention as to the existence -of the defect is supported by the testimony of his witness, Clarence W. Bolinger, a plumber and appliance service man who was an authorized representative and service man for Chrysler Airtemp appliances, especially qualified as a graduate of a •special course in the maintenance and operation of these Chrysler appliances. Mr. Bolinger was responsible for the installation of the unit in question and he testified that upon completion of the installation, ■■although the unit appeared to be operating •satisfactorily, his tests disclosed an electrical defect which neither he nor the electrician whom he called in consultation on the matter could locate. The witness specifically testified:
“A. Undoubtedly, it was a short in there that was fixing to go out at the time, and then sometime later we were called back there to check it, and the compressor would not run, and had the electrician to check it at that time, and he found that it was burned out.
“Q. That the compressor was burned out?
“A. Burned out.”
The only reasonable factual conclusion which can be reached upon the basis of the above uncontroverted testimony is that the unit was affected with a latent defect which was disclosed by tests made at the time of installation, which defect eventually caused, within a period of some three weeks time, such damage to the unit as rendered it completely useless and unserviceable for the purpose for which it was intended.
The testimony on behalf of the respective parties litigant is in sharp conflict as to the nature of the alleged “guarantee” made by defendant at the time of or immediately preceding the sale. However, we think this point is immaterial in view of the well established and consistent jurisprudence of our state which recognizes the existence in every sale under the laws of this state of a warranty by a seller against hidden defects of the merchandise or articles sold. This warranty becomes an implied condition of every sale. LSA-Civil Code, Article 2476; Nelson v. M.C.M. Truck Lines, 209 La. 582, 25 So.2d 236, 237. The opinion of the court in the cited case declared:
“We do not consider it necessary to discuss the conflicting evidence on the alleged oral guarantees, because, under the codal articles, a warranty against redhibitory vices is implied in every contract of sale, unless expressly excluded.” (Cases cited).
It is a source of pride,- frequently expressed in the opinions of our appellate courts, that our system of civil law rejects the harsh common law doctrine of caveat emptor and subjects the vendor to the responsibility of warranting the fitness of the thing which he sells. This principle has found recent expression in Nelson v. M.C.M. Truck Lines, cited supra; Womack v. Lafayette Furniture Co., La.App., 50 So.2d 843; Radalec, Inc., v. Automatic Firing Corporation, 228 La. 116, 118, 81 So.2d 830; Stewart v. Owesen & Co., La.App., 96 So.2d 119.
It is urged on behalf of defendant that the seller’s warranty does not apply in the instant case in view of the established fact that the unit operated satisfactorily for a period of twenty-one days, more or less. The basis of the avoidance of a sale by reason of the existence of a defect in the thing sold is set forth in LSA-Civil Code, Article 2520. Under the provisions of this article the action lies in instances in which the defect renders the article “— either absolutely useless, or its use so inconvenient and imperfect, that it must be *732 supposed that the buyer would not have purchased it, had he known of the vice.”
In the instant case we do not conceive that the operation of the machine for a period of twenty-one days following its installation was sufficient to relieve the vendor of his obligations under his implied warranty. We think this conclusion is justified, first, because, according to the testimony to which we have above called attention, the latent defect existed at the time of installation, and, second, because it cannot reasonably be considered that the buyer would have purchased the machine if he had known that its use was to be limited to the comparatively brief period of some three weeks.
The above conclusion would not be justified in the absence of a showing that the defect, which subsequently rendered the article useless for the purpose intended, actually existed at the time of installation. Since under our appreciation of the testimony the defect did exist at such time, it follows that plaintiff is entitled to relief.
Counsel for defendant finally argues that plaintiff has failed to make any offer to return certain items used in connection with the operation of the air-conditioning unit, namely, “ * * * the water tower, water pumps and motor and the duct work * *
The record fails to disclose any connection between the articles above mentioned and the article sold, which is consistently described and referred to as “a Chrysler Airtemp air-conditioner.” Plaintiff introduced in evidence a letter dated August 15, 1956, making formal demand upon defendant for return of the purchase price. This communication included the following specification:
“Under the circumstance I expect you to live up to this guarantee, and so would like to know where you zvant the machine delivered.
“Please regard this letter as a request for a refund of the price which I paid for the machine.” (Emphasis supplied.)
The demand contained in plaintiff’s letter was reiterated in a letter from his attorney directed to the defendant under date of August 24, 1956, in which counsel stated that plaintiff had offered to return the “air-conditioner” to defendant because of its redhibitory vices.
Both of the above noted communications were ignored by defendant.
It follows that inasmuch as plaintiff has sued for the recovery of the purchase price of an air-conditioning unit and has offered to return the machine to the defendant, he has complied with the necessary requirements of law, for it must be considered that the offer to return the machine includes all that was sold and delivered by defendant.
According to the testimony of plaintiff, following the failure of the machine purchased from defendant he bought an entirely new air-conditioning unit. It is not satisfactorily established that the installation cost originally incurred by plaintiff represented a complete loss and for this reason we feel the claim as to the recovery therefor must be denied for lack of adequate proof.
There is no contention as to the purchase price of the unit itself which was fixed by the parties in the sum of $545.
For the reasons assigned the judgment appealed from is set aside, annulled and reversed, and there is now judgment in fav- or of plaintiff, P. F. Rushton, d/b/a Rush-ton’s Office Equipment & Supplies, and against the defendant, J. C. Lacaze, in the full sum of $545, with interest thereon at the legal rate from date of judicial demand until paid, together with all costs of both courts.