128 So.2d 790 (1961)
Forrest A. FISHER, Plaintiff-Appellee,
v.
CITY SALES AND SERVICE, Defendant-Appellant.
No. 235.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1961.
*791 Anderson, Hall, Raggio & Farrar, by John N. Gallaspy, Lake Charles, for defendant-appellant.
Nathan A. Cormie and Fred R. Godwin, by Fred R. Godwin, Lake Charles, for plaintiff-appellee.
Before TATE, FRUGE, and CULPEPPER, JJ.
TATE, Judge.
This is a redhibitory action. The defendant appeals from judgment rescinding the sale by it of a 1½-ton air conditioner to the plaintiff and awarding the latter the return of the purchase price of $285.55, the trial court having held that the air conditioner was defective at the time of the sale.
Although it is not denied that within eight weeks of the sale the machine completely ceased to function due to a burned compressor, the defendant-appellant contends that the plaintiff had not proved by a preponderance of the evidence that any redhibitory defects existed in the air-conditioning unit at the time of the sale.
The plaintiff bought the unit on July 1, 1959, installing a 220-volt power line to service the air conditioner only. On the day of the installation, the unit immediately blew out in succession three 20-amp fuses, which it is conceded were insufficient for the purpose. The plaintiff then at once went to the defendant's salesman who had sold him the unit, informed him of the trouble, and was furnished some 30-amp fuses for use with the machine. As it is alleged, and as we understand plaintiff's rather vague testimony, one of these 30-amp fuses then burned out upon its intallation, still within three days of the sale. (Tr. 80.)
In any event, the fuses burned out regularly, about once a week, for the next seven or eight weeks, so that on September 3rd plaintiff called the defendant with the service complaint, as reflected by defendant's records, that the unit "keeps throwing breakers" [fuses]. (Tr. 96-97; Exhibits between Tr. 36 and 37.) The defendant's serviceman checked the unit the next day and found a defective compressor. The air conditioner was returned to the defendant's store and a new compressor ordered, the plaintiff being deprived of the use of the machine during the next few weeks.
On September 25th, the replacement compressor was received and installed in the air conditioner, and the unit was then returned to the plaintiff's home. It is the uncontradicted testimony of plaintiff and his wife that the air conditioner ran for fifteen minutes, then stopped, and has never run since. It was discovered, either upon a *792 call by defendant's serviceman or subsequently upon inspection under court order (the evidence is not clear), that the cause of its non-functioning was a burned fan motor.
Although the defendant was willing again to attempt to remedy this additional defect, the plaintiff then demanded the rescission of the sale and his money back[1] and, upon his demand being refused, at once filed suit.
In all Louisiana sales there is an implied warranty that the object sold is free of redhibitory vices, i.e., hidden defects. LSA-Civil Code Arts. 2475, 2476; Combs v. International Harvester Co., La.App. 2 Cir., 115 So.2d 641, and authorities therein cited. "Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice," LSA-C.C. Art. 2520. "The buyer who institutes the redhibitory action, must prove that the vice existed before the sale was made to him. If the vice has made its appearance within three days immediately following the sale, it is presumed to have existed before the sale." LSA-C.C. Art. 2530.
Although the plaintiff has not proven exactly what defect of the machine caused the fuses to blow so often, we think that, by itself, the repeated burning of the fuses causing repeated interruption of the service of the unit, is a defect of a redhibitory nature entitling the plaintiff to rescission of the sale[2], if indeed caused by or resulting from the normal use of the machine, as we think the plaintiff has sufficiently proved; even should it be contended that the first 30-amp fuse did not blow within the first three days, in which event it is presumed that the vice existed before the sale, LSA-C.C. Art. 2530. It must be remembered that the air conditioner was the only appliance serviced by the 220-volt line connected through the fuses in question.
But we also do not find manifest error in the further conclusion of the trier of fact: "The court is unable to determine from the testimony given in this case just what caused the blowing of the numerous fuses which the plaintiff apparently used in an effort to keep this machine running. However, from the chain of events which followed thereafter in the defective compressor and in the defective fan motor, it is the opinion of this Court that these defective parts accounted for the blowing of the numerous fuses." (Tr. 68.)
"The language of LSA-C.C. Art. 2530 does not mean that the buyer must prove by eyewitnesses the existence of the vice before the sale, or that such a vice was known to exist. The court may take into consideration such surrounding circumstances as may appear and deduce therefrom the fact of the existence of the vice prior to the sale," Mattes v. Heintz, La. App. Orleans, 69 So.2d 924, 927, certiorari denied. Likewise, "`It is not incumbent upon the buyer * * * to seek out, allege, and prove the particular and underlying cause of the defects which make the thing sold unfit for the purpose intended; particularly when that thing is a complicated piece of machinery; it is sufficient *793 if he alleged and afterwards proves as a fact such defects exist,'" Crawford v. Abbott Automobile Co., 157 La. 59, 101 So. 871, 872; Chas. A. Kaufman Co. v. Gillman, La.App. Orleans, 142 So. 159, 160; Brown-Roberts Hardware & Supply Co. v. Evans, La.App. 2 Cir., 153 So. 562. See also Rushton v. LaCaze, La.App. 2 Cir., 106 So.2d 729, where the sale of an air-conditioning unit was rescinded for an electrical defect of unknown nature which caused the unit's compressor to burn out after three weeks of preliminary satisfactory operation.
We, like the trial court, find to be singularly unimpressive the belated suggestions by the defendant's officer and employees, testifying at the trial some months after the breakdown of the unit, that the causes of the repeated burning of the fuses may not have been because of defects in the machine, such as the burnt compressor and fan motor subsequently discovered upon inspection, but rather various other possibilities.
As the trial court noted, the evidence is uncontradicted that the wiring, installed by the plaintiff himself but inspected by a professional electrician, was satisfactory for the purpose. Although it is suggested by defendant that the fuses used might not have been the type of 30-amp fuses actually required or that the fuse-box might have been incorrectly situated so as to receive too much sun, the evidence is uncontradicted that the fuses used were those furnished by the same salesman of defendant who had sold the unit to the plaintiff and that a serviceman first checks the equipment and fuse box upon receiving a complaint that the fuses are burning out (Tr. 103), and it is inconceivable to us that, on the several visits of defendant's servicemen following complaints by the plaintiff, such simple explanations for the troubles of the unit would not have been discovered by the defendant's servicemen.
We also find to be unimpressive the suggestion that low voltage in the Lake Charles area may have been the cause of the defects, not only for the above reasons, but also because "If the voltage was found to be low * * * [the buyer] was not advised that the cooler would not give him the required service because of low voltage," United Furniture Stores v. Dees, La. App. 2 Cir., 193 So. 490, 491 (rescinding the sale of a malfunctioning electrical cooler with evidence of a nature similar to the present). "It is a source of pride, frequently expressed in the opinions of our appellate courts, that our system of civil law rejects the harsh common law doctrine of caveat emptor and subjects the vendor to the responsibility of warranting the fitness of the thing which he sells," Rushton v. LaCaze, La.App. 2 Cir., 106 So.2d 729, 731.
The trial court likewise further rejected the appellant's further contention that the manufacturer's specific warranty found in an instruction book packed with the unit when soldallegedly "in lieu of all guarantees, specific or implied"was accepted by the plaintiff in waiver of his right to enforce the warranty against red-hibitory defects granted by Louisiana law. Not only is there insufficient evidence of any such express waiver by the buyer, and even assuming that the language of the guarantee was sufficient to relieve the manufacturer itself of its implied warranty of fitness under Louisiana law (but see Crawford v. Abbott Automobile Co., 157 La. 59, 101 So. 871; Stracener v. Nunnally Bros. Motor Co., 1 Cir., 11 La.App. 541, 123 So. 911), no authority is cited that such a specific warranty relieving the manufacturer of its further liability will, without more, relieve the vendor of the warranty of fitness implied in all Louisiana sales.
For the foregoing reasons, at the cost of the defendant-appellant, the judgment rescinding the sale and ordering the return of the purchase price is
Affirmed.
NOTES
[1] That a redhibitory defect may possibly be remedied by further repairs or substitution of parts does not defeat the buyer's right to rescind the sale upon the proof of a true redhibitory defect. Radalec, Inc. v. Automatic Firing Corp., 228 La. 116, 81 So.2d 830; Chas. A. Kaufman Co. v. Gilman, La.App. Orleans, 142 So. 159.
[2] As the trial court stated: "Certainly the plaintiff was caused considerable inconvenience and difficulty each time one of the fuses blew out. Possibly the plaintiff was sleeping, possibly a fuse might blow at a time when the plaintiff: and his family was away from home and returned to find the home hot and sultry", etc.