CULPEPPER, Judge.
This is a suit for $2,219.89, representing the cost of repairs performed by plaintiff on defendant’s truck. Defendant denied this debt on the grounds that it had purchased the truck from plaintiff and the repairs were made in compliance with plaintiff’s warranty. Defendant also filed a re-conventional demand for $872.46, representing the cost of additional repairs performed by a third party. The district judge held for plaintiff on its demand, for defendant on its reconventional demand, and rendered judgment accordingly. Defendant appealed and plaintiff answered the appeal.
The principal issue is whether plaintiff and defendant expressly agreed that the sale of this used truck was without any warranty of fitness.
The applicable law is clear. A warranty of fitness is implied in all sales. The seller must prove any waiver of this warranty. The waiver must be express, explicit and strictly construed. Breeden v. General Motors Acceptance Corporation, La.App., 140 So.2d 680 (1st Cir. 1962); Fisher v. City Sales & Service, La.App., 128 So.2d 790 (3rd Cir. 1961).
The facts show that on July 5, 1963 defendant purchased from plaintiff for $5,000 this large Mack diesel truck, to add to its fleet of 18 trucks, used in hauling dirt, gravel, etc. The testimony is in irreconcil *481 able conflict as to the agreement regarding warranty.
Mr. James Brauns, president and general manager of the plaintiff corporation, testified that he told Mr. Sternberg, president of defendant corporation, that the price of the truck would be $6,500 with a 90 day warranty, or $5,000 with no warranty whatever. Brauns explained that he had $4,-700 invested in the truck and would only realize about $300 net profit on a $5,000 sale.
Mr. Gerald T. Cook, salesman for plaintiff, testified he also told Mr. Sternberg, as well as Mr. Chambers and Mr. Core, two prospective investors in defendant corporation, that there was no warranty on the truck.
Mr. Sternberg testified plaintiff offered to sell for $6,500 with a 90-day warranty ■or $5,000 with a 30-day warranty. Mr. ■Chambers and Mr. Core testified they were both present when the sale of the truck was ■consummated and Mr. Cook expressly stated there was a 30-day warranty. Chambers and Core say they did not talk to Brauns, but only to the salesman, Cook.
Immediately after the purchase, Stern-berg drove the truck from Lafayette to Minden, Louisiana where a power take-off was installed on the transmission for use with a dump trailer. Defendant then placed the truck in use, but on about July 21, 1963, the transmission “froze” and the truck was taken to plaintiff’s shop for repairs. Plaintiff’s shop foreman testified the transmission had “frozen” because it had no oil. He opined that the oil had been drained out .at Minden when the power take-off was installed and through oversight had not been replaced. The foreman also testified that when the truck was brought in for repairs he advised defendant that there was no warranty and that the cost of repairs would have to be paid by defendant.
While the truck was in plaintiff’s shop for transmission repairs, Sternberg decided to also have the engine overhauled. He testified the engine had been using 2 or 3 gallons of oil a day and was not operating properly.
From the above it can be seen that the issues are factual and depend almost entirely on the credibility of the witnesses. The determinative issue is whether there was an express agreement that the sale was without warranty of fitness. If there was no warranty of fitness, then the cause of the transmission and engine trouble is of no consequence.
Our impression from the bare record is that the evidence is about evenly divided. However, the scales are tipped by the reliance which we must place on the trial judge in factual disputes such as this, depending largely on the credibility of witnesses. The trial judge found persuasive the argument that plaintiff was unlikely to have warranted such a large piece of equipment for so little a net profit. But, basically, he simply believed plaintiff’s witnesses instead of defendant’s. This is the only way he could have reached the result which he did. We find no reversible error as to plaintiff’s demand.
Turning now to defendant’s recon-ventional demand, the facts show that within about 90 days after the transmission was completely overhauled in plaintiff’s shop, it broke down again. There is testimony that the transmission should have lasted about 2 years. The casue of the breakdown was teeth breaking off some of the gears and rupturing the housing. The cost to defendant of this second overhaul job by a third party was $872.46.
The trial judge found plaintiff warranted the workmanship of its transmission overhaul job and was liable on the recon-ventional demand. We find no error in this conclusion.
On appeal, both plaintiff and defendant complain that the trial court judgment did not award interest from the date of judicial demand on their respective claims. This *482 was probably an oversight on the part of whoever drafted the judgement. Hence, we will amend it in this respect.
Both plaintiff and defendant also complain that the trial judge ordered court costs shared equally by the parties. We find no abuse of the trial court’s discretion.
For the reasons assigned, the judgment appealed is amended by allowing interest from the date of judicial demand on both plaintiffs demand, and defendant’s recon-ventional demand. Otherwise than as herein amended, the judgment appealed is affirmed.
Amended and affirmed.