GLADNEY, Judge.
The defendant, Calvin A. Clark, has appealed from a judgment in favor of Mrs. Bennie Rhea Ford for the sum of $1,083.76, with legal interest thereon. In the trial court defendant denied being indebted for the amount sued upon, pleading payment thereof.
On November 22, 1965 plaintiff sold to the defendant certain realty situated in Ouachita Parish. The transaction obligated Clark to pay the indebtedness herein sued upon. At the same time he executed a special mortgage note for $25,000 payable to Mrs. Ford with the understanding such note would be subordinated to enable Clark to borrow money for the purpose of constructing improvements on the property. This note was surrendered by Clark to the Clerk of Court and Ex-Officio Recorder of Mortgages of Ouachita Parish on December 9, 1966 for cancellation.
To establish his plea -of payment Clark testified he paid $1,000 in cash to Mrs. Ford between December 1 and 5, 1966 and that she delivered to him the $25,000 mortgage note which he caused to be cancelled. His testimony as to payment was not substantiated, and was denied by Mrs. Ford, who stated the $25,000 note was removed from her possession without her knowledge or consent. The factual issue so presented was decided against Clark.
On this appeal appellant assigns error to the judgment appealed in that it disregards an issue of novation by reason of which the obligation of defendant to plaintiff was $1,000 and not $1,083.76, and second, error is assigned to the trial court’s holding defendant had the burden of proof in the payment of a note which was in defendant’s possession.
Although appellant has asserted there was a novation of his obligation to pay Mrs. Ford’s indebtedness to the First National Bank of West Monroe, his contention is without merit for by reason of his own testimony no new obligation was created and novation did not take place.
Counsel for appellant argues that the possession and cancellation of the $25,000 mortgage note by him constitutes a presumption of payment. It would seem to be sufficient to observe that the note sued upon herein is entirely different from the $25,000 note. Clark never had possession of the note executed by Mrs. Ford in favor of the First National Bank of West Monroe, and which constitutes the indebtedness that is the subject of this law suit. Any presumption of possession of the $25,000 mortgage note, therefore, is im *777 material. The ultimate question is the one decided by the trial court in favor of plaintiff and involves purely a question of fact, and that is whether Clark paid plaintiff the sum of $1,000 in cash. The trial judge pointed out that there was no corroborative testimony of evidence supporting Clark’s testimony that he did make such a payment. There were a number of discrepancies in the testimony of Clark and in view of the denial on the part of plaintiff there appears to be no error in the finding of the trial court. It is a well established rule of law that the burden of proof on a plea of payment such as urged by the defendant herein rests with the pleader. LSA-R.S. 7:119; LSA-C.C. Art. 2232; Hood Motor Company v. Easley, La.App., 165 So.2d 688 (1st Cir.1964); Webre v. Jones, La.App., 92 So.2d 110 (1st Cir.1957).
We concur in the opinion of the trial court that defendant failed to establish sufficient proof of payment and therefore the judgment should be affirmed at appellant’s cost.