BARNETTE, Judge.
This is a suit by Roman Compte, husband, individually and on behalf of the community, and his wife Mrs. Anna Comp-te seeking damages for alleged personal injuries suffered by Mrs. Compte when it is claimed she was forced to bring the automobile she was driving to an abrupt halt after the hood flew open and back against the windshield.
The plaintiffs named as defendants in their original petition J. B. Rateau, Jr., doing business as Rateau Texaco Service Station (Rateau), and Texaco, Incorporated. The basis of their complaint against these defendants is that station attendants were negligent in not securely fastening the hood following service to the automobile only minutes before the accident.
By supplemental and amended petition the plaintiffs named as a defendant Leson Chevrolet Company, Inc., from whom it was alleged the used car had been purchased. They seek to impose liability upon Leson on the theory of a redhibitory vice existing in the automobile, namely, the absence of a hood safety latch when the car was sold to them by Leson.
After trial there was judgment in favor of plaintiff Roman Compte, individually and as head of the community, in the amount of $203 and in favor of Mrs. Compte for $1,000 against Leson. The suit against Rateau and Texaco was dismissed. Leson Chevrolet Company, Inc., has appealed. Plaintiffs did not appeal, nor did they answer the appeal by Leson.
The trial judge completely exonerated the defendants Rateau and Texaco. The plaintiffs have not appealed and we will not discuss the allegations against these two defendants.
The questions presented are, first, the correctness of the judgment holding Leson liable, and secondly, damages.
During oral argument before this court and before submission of the case for our decision, counsel for defendant-appellant orally pleaded the exception of prescription and contributory negligence, and was granted permission to file written pleadings within one hour, which he did. The plaintiffs-appellees have challenged the timeliness of the exception of prescription and the plea of contributory negligence.
The pertinent facts are as follows: The plaintiffs purchased a used 1963 Ford Falcon automobile from Leson Chevrolet Company, Inc., on May 18, 1967. They used the car without incident, including a trip to Miami, Florida, and back to New Orleans. Before going to Florida they had the car checked and it was reported to be in good condition. They experienced no difficulty with the hood or hood latch on their Florida trip. On January 24 (eight months after purchase) Mrs. Compte purchased gasoline at Rateau’s Service Station on Loyola Avenue and at that time had the automobile examined as it had been running hot. In the process of servicing the automobile, the station attendant opened the hood and after putting water in the radiator closed it. This was a routine procedure. Mrs. Compte then drove a very short distance and up the ramp to the Pontchartrain Expressway. When she *84 began to accelerate to a normal expressway speed, the hood flew open against the windshield breaking it and completely obscuring her view. She applied the brakes suddenly as the emergency required, and brought the car to an abrupt stop. The car neither struck nor was struck by any other vehicle or object. The suddenness of the stop and the accompanying shock are alleged to have caused severe personal injuries with certain alleged complications.
All Falcon automobiles (and probably all other makes) on which the hood is hinged at the back near the windshield are latched in front near the radiator and are equipped with a safety latch. The function of the safety latch is to prevent the hood from coming open in the event the primary latch is disengaged or released. To open the hood requires a two-step procedure. After releasing the primary latch an entirely separate and independent release mechanism must be manually operated before the hood will open. There is no dispute that there was no safety latch on the Falcon automobile in question. Plaintiffs contend, and they are not seriously contradicted, that the safety latch was missing when the secondhand automobile was purchased by them from Leson. Leson called no witnesses to testify nor offered any defensive evidence.
The defendant Rateau called as his witness Adolph Mudd who qualified as an expert in automobile body repair work. Mr. Mudd pointed out on photographs filed in evidence the absence of the safety latch. He testified that, in his opinion, judging from paint and other signs, the car had at sometime sustained front end damage and had been repaired. It is highly probable, though speculative, that the safety latch was not replaced when the work was done before Leson acquired ownership. There is no evidence whatever that it was Leson who failed to replace the latch after repair or had actual knowledge that it was missing. The testimony of Mr. Mudd relative to the point negates the speculation that the latch might have been lost or removed after the hood had been repaired. We must assume therefore that the safety latch was missing when Compte bought the car from Leson.
Plaintiffs seek to hold Leson liable for the damages sustained on the authority of LSA-C.C. art. 2545, which is as follows :
“The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of the price and repayment of the expenses, is answerable to the buyer in damages.”
They cite and rely upon the authority of Fisher v. City Sales and Service, 128 So.2d 790 (La.App.3d Cir. 1961), and Radalec, Incorporated v. Automatic Firing Corp., 228 La. 116, 81 So.2d 830 (1955). We do not find these cases in point and will distinguish them below.
Plaintiffs’ suit against Rateau and Texaco was clearly an action in tort based on Rateau’s alleged negligence. The amended and supplemental petition against Leson, filed June 20, 1968, more than a year from the purchase, but within a year of the accident in question, and by which they seek judgment against Leson in solido with Rateau and Texaco, is based upon the allegation that the automobile “contained [a] redhibitory vice * * * not readily discoverable upon examination by an average reasonable customer.” They further allege that Leson, being a dealer in new and used automobiles, “has superior knowledge as to mechanical functions of the automobiles which it sells,” and they plead the doctrine of res ipsa loquitur.
The basis of the action against Leson is that the seller breached the obligation of warranty imposed by LSA-C.C. arts. 2475 and 2476, which are as follows:
Art. 2475. “The seller is bound to two principal obligations, that of delivering and that of warranting the thing which he sells.”
*85 Art. 2476. “The warranty respecting the seller has two objects; the first is the buyer’s peaceable possession of the thing sold, and the second is the hidden defects of the thing sold or its redhibi-tory vices.”
Also pertinent to our discussion of the issues are:
Art. 2520. “Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.”
Art. 2521. “Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices.”
Art. 2534 in pertinent part: “The redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale.
“This limitation does not apply where the seller had knowledge of the vice and neglected to declare it to the purchaser.”
The vice or defect in question is not one of the vices to which LSA-C.C. art. 2520 relates for two reasons. First, it is not such a defect which renders the automobile “absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer [Compte] would not have purchased it, had he known of the vice.” Second, it was an apparent defect which the buyer might have discovered by simple inspection and is not therefore a redhibi-tory vice. LSA-C.C. art. 2521.
It may be argued with much persuasion that Leson had knowledge of the missing safety latch. It must be assumed that Leson’s employees in preparing the used automobile for resale must have had occasion to open and close the hood. They, having knowledge of the function of hood latches, should have observed the apparent absence of the safety latch. Leson did not declare this presumed knowledge to Comp-te. But this does not make Leson answerable in damages under LSA-C.C. art. 2545 because the defect was equally apparent to Compte who used the automobile eight months before the accident in question. We must hold therefore that plaintiffs have failed to make out a case of liability against Leson under the authority of LSA-C.C. art. 2545 or on any other theory revealed by the record before us. LSA-C.C.P. art. 2164.
The cases cited and relied upon by plaintiffs, Fisher v. City Sales and Service, supra, and Radalec, Incorporated v. Automatic Firing Corp., supra, are thoroughly sound in the principles of law for which they stand but are not apposite to the factual situation here. Those were redhibi-tory actions and each involved the sale of new air-conditioning equipment. In Fisher a sale was rescinded and the purchase price ordered returned to the buyer because of a redhibitory vice in the equipment manifest from the day of installation, resulting in total failure in eight weeks. In Radalec a dealer in equipment sued the manufacturer for recovery of his losses due to failure of the equipment to function. The Supreme Court said in 81 So.2d at p. 833:
“In the case at bar, the question of defendant’s actual knowledge of the defects is unimportant. It was the manufacturer of the air-conditioning units, and is therefore presumed to have known of the vices therein. Tuminello v. Mawby, 220 La. 733, 57 So.2d 666 and authorities there cited. Hence, the trial judge properly allowed recovery of lost profits” [1]
*86 There must be a distinction between the liability of the manufacturer of new machinery or equipment (as automobiles) and the seller of used or secondhand machinery or equipment. There is a sound logical basis for the presumption that the manufacturer has knowledge of the vices in the product of his manufacture, as was held in Radalec. It would be contrary to all reason to presume that a- dealer in used automobiles would have knowledge of all the vices in a secondhand car. On the other hand, every purchaser of a secondhand car (the automobile in question was four years old) knows that it is not a perfect vehicle.
This is not to be construed, however, as precluding an action in redhibition in the sale of secondhand automobiles in proper cases. Route v. Smith Chevrolet Company, 128 So.2d 58 (La.App. 1st Cir. 1961). It is conceivable also that a vice in a secondhand automobile might be a cause for damages under. LSA-C.C. art. 2545 in a different factual situation. We simply hold that plaintiffs have failed to establish any right to recovery of damages against the defendant Leson under the facts of this case.
Having reached the foregoing conclusions, it is probably unnecessary to raise the question of probable cause of the accident, but we have not overlooked the point that had the primary latch functioned properly the hood would not have come open. The absence of the safety latch did not cause it to come open, but did permit it to fly back against the windshield. It is certainly arguable that the primary latch might not have been secured as a result of negligence of the service station attendant or because of its having worn out from long use. In any event it would be a dangerous precedent to hold the seller of a used automobile answerable in damages under these or similar circumstances.
The plaintiffs have failed to show any legal basis for holding Leson liable for the accident for which they seek recovery of damages.
This is not a redhibitory action calling for the application of the prescription to which LSA-C.C. arts. 2534 and 2521 relate. We have not considered when prescription for a tort action began to toll since the exception pleaded is specifically limited to the prescription relative to redhibitory actions under LSA-C.C. art. 2534. We find it unnecessary, therefore, to rule on the exception of prescription, and we do not reach the plea of contributory negligence although it is apparent that it was not pleaded as required by LSA-C.C.P. art. 1005.
The judgment in favor of plaintiff Roman Compte, individually and as head of the community, and Mrs. Anna Compte against Leson Chevrolet Company, Inc., is reversed and rendered in favor of the defendant, Leson Chevrolet Company, Inc., against the plaintiffs rejecting their demands and dismissing their suit at their cost.
Reversed and rendered.

. For other holdings that a manufacturer is presumed to know of defects in its products see Kellogg Bridge Co. v. Hamilton, 110 H.S. 108, 3 S.Ct. 537, 28 L.Ed. 86; George v. Shreveport Cotton Oil Co., 114 La. 498, 38 So. 432 (1905) ; Johnson v. Alarx Levy & Bro., 109 La. 1036, 34 So. 68 (1902) ; Brown v. Hauzat, 157 So.2d 570 (La.App.3d Cir.1963) ; Johnson v. Hunter, 88 So.2d 467 (La.App.2d Cir. 1956).