274 So.2d 463 (1973)
Erick MIRE, Plaintiff-Appellee,
v.
MAGNIFIQUE VOLKSWAGEN, INC., Defendant-Appellant.
No. 4117.
Court of Appeal of Louisiana. Third Circuit.
March 12, 1973.
*464 Dragon & Kellner, by Victor E. Kellner, Lafayette, for defendant-appellant.
Pugh, Buatt, Landry & Pugh, by Lawrence G. Pugh, Jr., Crowley, for plaintiff-appellee.
Before FRUGÉ, SAVOY and HOOD, JJ.
FRUGÉ, Judge.
This is an action in redhibition to rescind the sale of a used automobile. Judgment was rendered in favor of plaintiff and this appeal was taken. We affirm.
On April 2, 1971, plaintiff-appellee, Erick Mire, purchased a 1967 Buick Electra automobile from defendant-appellant, Magnifique Volkswagen, Inc., for $2,295.
Two days after the consummation of the sale, plaintiff returned the automobile to defendant. Demands were made that the following defects be repaired: (1) It was losing oil and other fluids, (2) it was difficult to start, (3) it began to heat up shortly after it was started, (4) there was a short in the electrical system, and (5) the instrument panel on the dashboard would fog up to such an extent that the driver could not read the instruments. Apparently, defendant's efforts to remedy these defects proved unsuccessful; the car was returned to defendant several times during a period in excess of one month.
By letter dated June 24, 1971, plaintiff's attorney demanded recision of the sale. Upon defendant's refusal to rescind the sale, suit was filed on July 14, 1971; judgment in favor of plaintiff was rendered on July 27, 1972.
In brief, defendant notes that the main issue "is whether or not the automobile exhibited such imperfections as to render its use so inconvenient that, had plaintiff known of them, he would not have bought the automobile." Defendant's specification of error follows: The findings of fact as made by the trial court were manifestly erroneous.
Defendant's salesman who sold the car to the plaintiff testified that he represented to plaintiff that the automobile was in excellent condition and that if any defects should happen to appear, the defendant, Magnifique Volkswagen, Inc., would repair them. He confirmed that the automobile was returned to defendant two days after the sale, with complaints of defects. It is clear that when the car was sold to plaintiff, the salesman placed no limitations on *465 the warranty. The salesman verified the defects complained of by plaintiff.
Plaintiff testified that he noticed the automobile was losing oil and other fluids about two days after the purchase because "it was messing up my carport." His testimony reveals that he returned the car for repairs on numerous occasions, but that the defects complained of were never corrected.
The dealer of Magnifique Volkswagen, Inc., Charles Huff, testified as follows when asked about the condition of the vehicle prior to the sale:
"A. The condition of the vehicle in question was in excellent condition by virtue of the fact that we offered on its sunvisor a sign which is displayed right there on the table in front where I was sitting which carries our one hundred percent guarantee. This sign was placed on this vehicle offered for sale to the retail public."
In all sales in Louisiana there is an implied warranty that the object of the sale is free of a redhibitory vice or defect. LSA-C.C. Articles 2475, 2476; Harris v. Automatic Enterprises of Louisiana, Inc., 145 So.2d 335 (La.App. 4th Cir., 1964); Fisher v. City Sales and Service, 128 So.2d 790 (La.App. 3rd Cir., 1961).
Unless the warranty is waived the seller warrants the thing sold as fit for the intended purpose. J. B. Beaird Co. v. Burris Bros., 216 La. 655, 44 So.2d 693 (1950).
Redhibition is defined in LSA-C.C. Article 2520 as follows:
"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
It is settled that in an action to set aside a sale on a plea of redhibition where complicated machinery is involved, it is not necessary for the buyer to seek out and prove the particular and underlying cause of the defect which makes the object sold unfit for its intended use. It is sufficient that he allege and prove that such a defect exists. Fisher v. City Sales and Service, supra; and Bergeron v. Mid-City Motors, Inc., 162 So.2d 835 (La.App. 1st Cir., 1964).
Plaintiff answered the appeal seeking to recover "repayment of his expenses including a reasonable attorney's fee." The general rule in Louisiana is that attorney's fees for the successful party are not allowed as an item of damages or costs except where statute or contractual provision specifically provides for their payment. In accordance with this rule, our Supreme Court, in Chauvin v. LaHitte, 229 La. 94, 85 So.2d 43 (1956), held that the buyer may not recover his attorney's fees as damages when he is successful in a redhibitory action, at least not unless there is a specific provision in the contract of sale authorizing them. Hebert v. Claude Y. Woolfolk Corporation, 176 So.2d 814 (La. App. 3rd Cir., 1965).
In granting judgment in favor of plaintiff in this redhibitory action, obviously the trial judge found that the automobile possessed defects rendering its use so inconvenient and unsatisfactory that the purchase would not have been made had the defective condition been known to the plaintiff. Considering the evidence in the record, which is above analyzed, such finding does not appear to be manifestly erroneous, and it will not be disturbed.
Accordingly, the judgment is affirmed at appellant's cost.
Affirmed.