317 So.2d 244 (1975)
FEDERAL NATIONAL MORTGAGE ASSOCIATION
v.
Ida Watkins, wife of/and Earl ROBERTS.
No. 6874.
Court of Appeal of Louisiana, Fourth Circuit.
July 8, 1975.
Rehearing Denied September 9, 1975.
*245 Alfred Abramson, Laplace, for plaintiff-appellant.
Daniel E. Becnel, Jr., Reserve, for defendants-appellees.
Before GULOTTA, STOULIG and MORIAL, JJ.
GULOTTA, Judge.
ON MOTION TO DISMISS.
We issued, ex proprio motu, an order directing the parties hereto to show cause why the appeal should not be dismissed for lack of jurisdiction because the appeal bond was untimely filed. It appeared that the time for filing for a new trial and the 90 day period for perfecting an appeal (which commences after notice of judgment has been sent to the parties) had expired. See LSA-C.C.P. art. 2087. In response, appellant alleges that LSA-C.C.P. art. 1914 requires that notice of judgment be sent to the parties if a case has been taken under advisement, and that nothing is contained in the record to show that notice was sent. Hence, appellant argues that the period in which to ask for a new trial and to perfect an appeal has not commenced. We agree.
A notation at the end of the judgment indicates that the judgment was to be served on all parties including the sheriff of the parish. Underneath that typewritten notation is a handwritten notation in ink which is dated June 25, 1975, and shows "cc" as well as the name of the attorney for the appellee, appellant and the sheriff. The record is devoid of any other reference to a certification by the clerk of mailing of a notice of signing of the judgment. LSA-C.C.P. art. 1913 states:
"The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed."
We hold that the handwritten notation does not satisfy the requirement that a certificate of notice be filed in the record. Therefore, the appeal period has not begun to run, has not expired, and the appeal is timely.
ON THE MERITS.
Plaintiff creditor appeals from a dismissal of its suit against defendants for seizure and sale by executory process of defendants' real property, and from the issuance of a permanent injunction restraining the Sheriff of the Parish of St. John the Baptist from taking any further action in *246 connection with the seizure and sale of the property.
On appeal, plaintiff complains that the trial judge erred in concluding that defendants sufficiently carried the burden of proof required to show payment of the monthly installments on the mortgage note. Plaintiff's position is that the receipts of purchase of money orders are not sufficient proof to show that the amount specified in the money order was ever sent to the payee or that the payee ever received it. We reject plaintiff's contention.
The plea of payment is an affirmative defense and the burden of proof is upon the party who asserts it. See LSA-R.C.C. art. 2232; Fontenot v. LaFleur, 281 So.2d 868 (La.App., 3d Cir. 1973), writ refused, 284 So.2d 336 (La.1973); Ford v. Clark, 203 So.2d 775 (La. App., 2d Cir. 1967). Defendant Roberts testified that he paid all installments due on the note from February, 1974, through June, 1974. His testimony was corroborated by his wife. Roberts also testified he paid the monthly note with postal money orders for which he had receipts; he mailed the money orders to the mortgage company; and, none of them had ever been returned to him. The receipts, introduced into evidence at the trial, indicate that the following money orders were purchased:

 January 28, 1974 $125.44
 March 1, 1974 125.44
 March 18, 1974 20.00
 March 22, 1974 40.00
 April 26, 1974 125.44
 May 24, 1974 76.80
 June 7, 1974 78.21

The record reveals that in 1974 the Roberts' reduced monthly notes amounted to $76.80.[1]
Plaintiff does not attack the credibility of the witnesses but the sufficiency of the proof. They contend that the receipts merely prove that money orders for the specified amounts were purchased and do not prove to whom the payments were made. It appears, however, that the receipts were introduced into evidence, without objection, and without cross-examination as to whether the receipts, showing the mortgage creditor to be the payee, accurately reflect the original money orders. No attempt was made by plaintiff to rebut the evidence presented, or to discredit any of the testimony.[2] In absence of any contradictory proof, we cannot say the trial judge erred in concluding defendants successfully carried the burden of proof showing payment.
Plaintiff finally contends that assuming the amounts specified in the money orders were paid to the payee, nevertheless, the money orders show that no payment was made for the month of February. Accordingly, plaintiff argues, the debtor was in default in February and plaintiff had the right under the mortgage to seize and sell the property under executory process. We do not agree. While the record fails to reflect that any payment was made in February, payment was made on March 1, 1974, for $125.44 which is more than the $76.80 payment due. Furthermore, two subsequent payments were also made in March. Plaintiff did not file suit until May 29, 1974, at which time defendants were no longer in default.
The trial judge erroneously awarded attorney's fees to defendants. It is well settled that attorney's fees cannot be awarded in the absence of a contract or statutory provision providing for such an award. See Chauvin v. La Hitte, 229 La. *247 94, 85 So.2d 43 (1956); Mire v. Magnifique Volkswagen, Inc., 274 So.2d 463 (La. App., 3d Cir. 1973).
Accordingly, that part of the judgment in favor of defendants awarding attorney's fees is reversed and set aside. That part of the judgment dismissing plaintiff's suit is affirmed. The judgment as rendered by the trial court is amended and recast as follows:
Judgment is now rendered in favor of defendants, Ida Watkins, wife of/and Earl Roberts, and against plaintiff, Federal National Mortgage Association, dismissing plaintiff's suit at its cost.
Amended and affirmed.
NOTES
[1] The record reveals the monthly installment was reduced from $125.44 to $76.80 for the year 1974 under the interest supplement plan with the government by which the government could reduce or increase the amount due. Counsel for plaintiff does not dispute that the monthly payments were reduced to $76.80 per month.
[2] We point out that counsel of record for plaintiff at the appellate level is not the attorney who tried the case at the trial level.