CULPEPPER, Judge.
This is a suit by a realtor to recover from defendant the commission and attorney’s fees due under a contract. The trial judge awarded to plaintiff $1,360 in commission and $250 in attorney’s fees. From this ruling defendant appealed. Plaintiff answered the appeal, asking that the award for attorney’s fees be increased to include those incurred on appeal.
On March 30, 1973, plaintiff and defendant entered into a “Realtor’s Sales Agency Contract”. This contract provides in pertinent part:
“In consideration of your agreement to list the property herein described, and to use your efforts to find a purchaser, I hereby grant you the exclusive right for 120 days from date hereof to sell 1805 Hwy 171 including Metal Building 2 Bed Room Home & all improvements, for the sum of Sixteen Thousand Five Hundred ($16,500.00) Dollars, payable Cash or upon any other price, terms or exchange to which I consent.
* * * * * *
“If said property is sold before the expiration of this agreement by myself or any other person, firm or corporation, I agree to pay you the commission of 10 per cent.
‡ * its sji i}c
“In the event of such sale I will execute and deliver to said purchaser a deed for said property with full covenants of warranty. I represent the title to said property is good and valid and subject to no mortgages, easements or reservations . . .”
On June 4, 1973, which was within the 120 days granted to plaintiff to sell the property, he procured a buyer, Ortear Manuel. Mr. Manuel and Mr. Miller, the defendant, then signed an “Agreement to Purchase and Sell” for a price of $13,600, the printed form for which was supplied them by plaintiff. This contract provided that the sale would be “dosed” within 30 days of the date of the contract if title to the subject property was “good and merchantable”.
Subsequently, the defendant found he was unable to deliver merchantable title because of judgments against him. Cooley then filed the present suit to recover the commission he alleges is due under the contract. Ortear Manuel filed a petition of intervention seeking an order for specific performance.. Mr. Manuel’s intervention was dismissed on the grounds defendant could not deliver merchantable title. The intervention is not before us on appeal.
The only issue for our determination is whether a commission and attorney’s fees are owed to the plaintiff.
Appellant contends that under the language of the listing contract a commission is earned only when a contract “of sale” is entered into, as distinguished from a contract “to sell”. We cannot agree that the contract provides this subtle legal distinction.
Courts are bound to give legal effect to contracts according to the intent of the parties. Sabine Construction Company, Inc. v. Cameron Sewerage District No. 1, 298 So.2d 319 (La.App. 3rd Cir. 1974) ; Powell Lumber Company v. APCO Corporation, 288 So.2d 697 (La.App. 3rd Cir. 1974); LSA-C.C. Article 1945. We believe the intent of the parties is evidenced by the first paragraph of the contract which begins : “In consideration of your agreement to list the property herein described, and to use your efforts to find a purchaser . . .” The jurisprudence has repeatedly held that a real estate broker’s commission is earned when he finds a purchaser who is ready, willing and able to buy the property, notwithstanding that the title ultimately is found to be unmerchantable. *319 Eanes v. McKnight, 262 La. 915, 265 So.2d 220 (1972).
Here, plaintiff did find an able and ready purchaser. That purchaser entered into a contract with Mr. Miller to purchase the property. At this point, plaintiff earned his commission.
In addition, we believe plaintiff-appellee is entitled to additional attorney’s fees as a result of this appeal. Attorney’s fees may be awarded where provided by statute or by contract. Hughes v. Burguieres, 276 So.2d 267 (La.S.Ct. 1973). Mire v. Magnifique Volkswagon, 274 So. 2d 463 (La.App. 3rd Cir. 1973). Here, the contract provides for reasonable attorney’s fees. The trial court awarded $250 for services there. We believe an additional fee of $150 for this appeal is reasonable.
For the reasons assigned, the decision of the trial court is amended so as to increase the award for attorney’s fees to the sum of $400. In all other respects, the decision of the trial court is affirmed.
Amended and affirmed.