EDWARDS, Judge.
This is a suit for damages arising out of a car-bus collision. The trial court granted judgment in favor of the defendants and dismissed the suit. Thereafter plaintiff, Donald Jackson, was granted a devolutive appeal returnable on October 13, 1976, conditioned on his furnishing bond in the amount of $250.00. On February 25, 1977, this Court, ex proprio motu, ordered the parties to show cause why the appeal should not be dismissed for failure to file the appeal bond timely.
The record indicates that judgment was signed on May 17, 1976 and that notice thereof was mailed to counsel on the same day. No motion for a new trial was made, therefore the applicable delay expired on May 26, 1976 and the delay for perfecting *758 the devolutive appeal expired on August 24, 1976 (LSA-C.C.P. art. 2087) without plaintiff having filed his appeal bond. An appeal bond was filed on August 26, 1976.[1]
In his brief, plaintiff contends that C.C.P. art. 1913, requiring that notice of judgment be sent to the parties, has not been satisfied since nothing is in the record to certify that notice was sent; therefore the appeal period has not begun to run and has not expired.
Plaintiff relies on Federal National Mortgage Association v. Roberts, 317 So.2d 244 (La.App. 4th Cir. 1975) to support this contention.
In the Federal National case, it was held that a typewritten notation at the end of the judgment indicating that the judgment was to be served on all parties and followed by a handwritten notation giving the date and showing “cc” and the names of the various parties to be served was insufficient to satisfy the requirement that a certificate of notice be filed in the record.
We find that the above cited case is clearly distinguishable from the facts of the present case. The notation in the former case does not even purport to be a certificate.
In the instant case, the following is stamped at the bottom of the judgment:
“I hereby certify that on this day a notice of the above judgment was mailed by me, with sufficient postage affixed, to:_
Done and signed on_
Deputy Clerk of Court (emphasis supplied)
The names of the attorneys of record, the date (May 17,1976) and the signature of the clerk are handwritten in the appropriate spaces.
We hold that this “certificate” is sufficient to satisfy the requirement expressed in C.C.P. art. 1913.
Accordingly this court is without jurisdiction to hear the appeal since no Appeal Bond was timely filed. (LSA-C.C.P. art. 2088). The appeal is dismissed at appellant’s cost.
APPEAL DISMISSED.

. Plaintiff points out that the bond is marked by a stamp indicating that it was filed August 25, 1976, but that the date was altered to show filing on August 26, 1976. We do not reach this moot issue since the last day to timely file the appeal bond was August 24, 1976.