PARRO, J.
|2In this case arising out of a motor vehicle accident, Vyron Carter appeals a judgment of the district court dismissing his claims in their entirety and with prejudice. This court, on its own motion, filed a rule to show cause why the appeal should or should not be dismissed as untimely. For the following reasons, we grant the rule and dismiss the appeal as untimely.
FACTUAL AND PROCEDURAL BACKGROUND
On May 24, 2010, Vyron Carter filed suit against Garrick Watts, C & M Freightline, LLC (C & M), and “ABC Insurance Company” for damages he suffered as the result of a motor vehicle accident in which his vehicle was struck by an eighteen-wheeler being driven by Watts while allegedly in the course and scope of his employment with C & M, which was insured by an unknown insurance company. C & M and its insurer, QBE Specialty Insurance Company, answered the petition on September 24, 2010, filed an exception raising the objection of lack of procedural capacity concerning Carter’s appearance on behalf of his wife,[1] filed a request for notice, and propounded interrogatories, requests for production of documents, and requests for admission to Carter. Copies of these pleadings were mailed by defense counsel to Carter’s attorney at her street address in Baton Rouge, as shown on the petition. On October 22, 2010, a letter from defense counsel was mailed to Carter’s attorney at that address and faxed to her fax number shown on the petition, requesting a telephone conference concerning discovery on October 25 at 3:00 p.m. When the attor *1193 ney failed to call at that time and there was no response to their discovery requests, the defendants filed a motion to compel discovery.
The motion was scheduled and noticed for a hearing on January 27, 2011. | .^Neither Carter nor his attorney were present at the hearing.[2] The court granted the motion and ordered Carter to pay the defendants all costs of the motion and $850 in attorney fees. The judgment set a follow-up hearing for February 24, 2011. The record shows that notice of signing of the judgment was mailed by the deputy clerk of court to all counsel of record on January 28, 2011.
At the follow-up hearing on February 24, 2011, neither Carter nor his attorney appeared. The court again granted the motion to compel complete discovery responses and ordered Carter to pay all costs of the motion and to pay defendants $700 in attorney fees. The February 24 judgment also held Carter in contempt for failure to comply with the January 27 judgment and set another follow-up hearing for March 31, 2011. The record includes a certificate signed by the deputy clerk of court, showing notice of the judgment was mailed to all counsel of record on February 24, 2011. Carter’s attorney received a copy of the judgment and filed an “Opposition to Proposed Judgment” on February 28, 2011. In that pleading, Carter’s attorney discussed the supposed agreement with defense counsel to pass on the January hearing and indicated that Carter had no opposition to dismissal of his claims on behalf of his wife.
At the follow-up hearing on March 31, 2011, the district court noted that two previous hearings had been held on the defendants’ motion to compel discovery, in which the court had granted the motion and ordered full and complete responses. Yet, neither Carter nor his attorney had appeared at either hearing. In addition, they were not present at this follow-up hearing, and Carter had failed to comply with the court’s orders. Accordingly, the court dismissed Carter’s claims in their entirety and at his costs for his “repeated failure to answer discovery in violation of this Court’s order.” The judgment dismissed all of his claims with prejudice. The record shows that notice of [4the March 31, 2011 judgment was mailed that day by the deputy clerk of court to all counsel of record.
Carter filed a “Motion to Set Aside Judgment of Dismissal” on April 19, 2011,[3] which was set for hearing on June 23, 2011. A protracted hearing was held on that date, at which both sides presented argument, documentary evidence was filed, and the court heard testimony from the deputy clerk of court. Carter’s attorney stated she believed the first hearing in January had been passed without date by agreement with defense counsel, and she *1194 never received notice of the February 24, 2011 follow-up hearing. However, she acknowledged that a copy of the court’s judgment rendered and signed on that date was faxed to her on February 25, 2011, by defense counsel, but stated that she did not receive the court’s notice. She filed an “opposition” to the judgment on February 28 and checked to be sure the clerk of court’s office had her correct address on file, which it did. She claimed she had no notice of the March 31 followup hearing, at which the judgment dismissing her client’s claims was rendered and signed, and had not received notice of the March 31, 2011 judgment from the court. She only learned of the hearing and the judgment when she called defense counsel some time in April about setting a status conference with the court. At that time, she personally picked up a copy of the judgment from the clerk’s office and filed her “Motion to Set Aside Judgment of Dismissal.” She stated she also had not received notice of the hearing date on that motion until she called the judge’s office to inquire whether a date had been set on her motion. Defense counsel contended that the notices filed in the court record and the testimony of the deputy clerk of court showed that copies of all the judgments, each of which included a date for a followup hearing, were sent to Carter’s attorney at her listed street address, which she acknowledged was her correct address. Defense counsel argued that he and the court were entitled to rely on those notices in the record. He also contended that his firm had sent courtesy |Bcopies of each of the court’s judgments and orders to Carter’s counsel at that address.
After hearing arguments and considering the evidence, the court discussed whether the “Motion to Set Aside Judgment of Dismissal” could be treated as an action for nullity and determined it did not meet the criteria set out in Article 2002 or 2004. The possibility of a motion for new trial was also considered, but in that case, the “Motion to Set Aside Judgment of Dismissal” was untimely under Article 1974. Reluctantly, the court rendered judgment denying the “Motion to Set Aside Judgment of Dismissal.” The judgment was signed on July 8, 2011. Carter filed a notice and motion for appeal of the March 31, 2011 judgment on July 27, 2011.[4]
ANALYSIS
Louisiana Code of Civil Procedure article 1974 provides that the delay for applying for a new trial shall be seven days, exclusive of legal holidays, and commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913. According to LSA-C.C.P. art. 1913(A), notice of the signing of a final judgment is required in all contested cases and shall be mailed by the clerk of court to the counsel of record for each party. The judgment of March 31, 2011, dismissed all of Carter’s claims with prejudice, and thus, was a final judgment. Article 1913(D) requires the clerk to file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed. The clerk of court’s certificate in the record shows that notice of the court’s judgment dismissing all of Carter’s claims with prejudice was mailed on March 31, 2011, giving Carter until April 11, 2011, to file a motion *1195 for new trial, pursuant to Article 1974. This court can only base its decision on what appears in the record and is entitled to rely on the clerk’s certifícate of mailing. If a date of mailing is definitively established from a certificate of notice that has been filed in the record, there is compliance with Article 1918. See White v. White, 99-772 (La.App. 3rd Cir. 11/3/99), 747 So.2d 176, 178. Accordingly, as the district court correctly determined, the “Motion to Set Aside Judgment of Dismissal,” filed April 19, 2011, was untimely if considered to be a motion for new trial. See Mabry v. Theriot, 337 So.2d 1232,1233 (La.App. 1st Cir.1976).
Louisiana Code of Civil Procedure article 2123(A)(1) provides, in pertinent part, that an appeal that suspends the effect or the execution of an appealable judgment may be taken only within thirty days of the expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely. Article 2087(A)(1) provides, in pertinent part, that an appeal that does not suspend the effect or execution of an appealable judgment may be taken within sixty days of the expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely.
The district court found, and we have agreed, that Carter’s “Motion to Set Aside Judgment of Dismissal,” filed April 19, 2011, was not filed timely if considered to be a motion for new trial. Therefore, he had either thirty or sixty days to file for an appeal of the district court’s March 31, 2011 judgment, beginning on April 12, 2011. He had until May 11, 2011, to file a suspensive appeal, according to Article 2123(A)(1), and had until June 10, 2011, to file a devolutive appeal, according to Article 2087(A)(1). Carter did not file his notice and motion for appeal until July 27, 2011.
Upon receipt of the order of appeal, this court noted the apparent untimeliness and issued a rule to show cause why the appeal should or should not be dismissed on that basis. After receiving responsive briefs on the rule, a panel of this court referred the rule to the panel assigned to handle the appeal. Based on our review of the record, we must grant the rule to show cause and dismiss the appeal as untimely. See Jackson v. Davis, 346 So.2d 757, 758 (La.App. 1st Cir.), writ denied, 351 So.2d 153 (La.1977).
Like the district court, this court is concerned about Carter’s attorney’s contention that notices mailed from the clerk’s office and letters mailed by defense counsel were never received at her office. However, we note that Carter’s attorney acknowledged receipt of the February 24, 2011 judgment, not from the clerk’s office, 17but from defense counsel by fax on February 25, 2011. Even if, as she contends, she received none of the notices mailed from the clerk’s office, on February 25, 2011, she did receive a copy of a judgment that, among other things, set a follow-up hearing on the discovery issues for March 31, 2011. Had she taken steps to provide further responses to discovery by that date, or at the very least, appeared at that hearing to argue her client’s position, it is highly unlikely that the court would have entered a judgment dismissing her client’s claims.
Having concluded that the appeal must be dismissed as untimely, we express no opinion on the merits of Carter’s claim that the court abused its discretion in dismissing his claims for failure to respond to court-ordered discovery.
*1196 CONCLUSION
For the above reasons, we grant the rule to show cause and dismiss Carter’s appeal as untimely. All costs of this appeal are assessed to Vyron Carter.
RULE TO SHOW CAUSE GRANTED; APPEAL DISMISSED.

. The court ordered the parties to file briefs in response to this exception, after which the matter would be taken under advisement. Carter did not file an opposing brief, but stated in a February 28, 2011 pleading that he agreed to the dismissal of any claims on behalf of his wife. The exception was sustained and all claims on behalf of Carter’s wife were dismissed in a judgment signed March 9, 2011.

. Carter's attorney stated in a February 28, 2011 pleading that she had received notice of the January 27 hearing, but that defense counsel had agreed in a telephone conversation to pass on the hearing if she sent responses. Some incomplete responses were sent to defense counsel. Defense counsel maintained that the agreement to pass the hearing was dependent on receipt of full and complete responses, which they had not received. At the hearing, the court reviewed Carter’s responses to the discovery requests and ordered him to provide "complete and accurate answers and records” within 15 days.

. The Louisiana Code of Civil Procedure sets out only three mechanisms by which a final judgment can be revised or set aside by the trial court: amendment in accordance with Article 1951; a motion for new trial under Articles 1971 through 1979; and an action of nullity under Articles 2001 through 2006. There is no procedural device called a "Motion to Set Aside Judgment of Dismissal.”

. The notice and motion for appeal does not indicate the date of the judgment being appealed. However, it states that the court erred in dismissing Carter’s claims for failure to answer discovery and in denying his motion seeking to have that judgment declared null. Therefore, it appears that Carter intended to appeal both judgments.